331 P.2d 523

**C. C. DAVIS, Plaintiff-Appellant,**

v.

**MEADORS–CHERRY COMPANY,**
Employer-Appellee,

and

Anchor Casualty Company,
Insurer-Appellee.

No. 6406.

Supreme Court of New Mexico.

Oct. 16, 1958.

Rehearing Denied Nov. 20, 1958.

Dee C. Blythe, Clovis, for appellant.

Hartley, Buzzard & Patton, Clovis, Gilbert, White & Gilbert, Santa Fe, for appellees.

McGHEE, Justice.

The plaintiff (appellant) seeks the reversal of an order denying his application to reopen his compensation claim in his effort to secure additional payments for claimed total disability.

Some time following his injury he entered into a compromise settlement for a

lump sum which paid him in full for amounts which had accumulated to date of settlement but apparently included nothing for future disability.

The defendants (appellees) opposed the reopening but their objections were overruled and they appealed to this Court. A majority held the order was not appealable in 63 N.M. 285, 317 P.2d 901, and the appeal was dismissed. The defendants then asked for a reconsideration of the order granting the plaintiff permission to reopen, and upon further consideration their objections were sustained, the trial court holding it would be acting in excess of its jurisdiction if it reopened the case. This appeal followed.

Following the agreement for settlement a claim for compensation was filed by the plaintiff on October 1, 1951. The defendants immediately answered stating they had fully settled with the plaintiff for the sum of $630 and the additional sum of $691.97 for medical, hospital and doctor bills of the plaintiff. Attached to the answer as an exhibit was a release and discharge from all manner of claims, damages, actions and rights of action the workman ever had, has now or may have under the common law, statutory liability or Workmen's Compensation Act of New Mexico, for or on account of or by reason of any damage, loss, injury, suffering or disfigurement which theretofore has been, which is now, or which hereafter may be a consequence of any accident suffered on or about the 4th of January, 1951.

There was also filed in the case a stipulation signed by the parties and their attorneys, as follows:

"It is stipulated and agreed by and between the plaintiff, C. C. Davis, and the defendants, that plaintiff will accept the sum of Thirteen Hundred Twenty-one and 97/100 ($1,321.97) Dollars in full settlement of all of his claims against the defendants on account of the injuries described in the claim filed in this cause; that the defendants have agreed to pay said sum to plaintiff, including all medical and hospitalization incurred to date. All further expenses shall be paid by plaintiff."

Judgment was thereupon signed and entered approving the release and settlement, and discharging and releasing the defendants from any and all further liability to claimant by reason of the accident and injury described in the claim for compensation filed in the case.

The motion to reopen filed by the plaintiff on July 12, 1956, reads:

"Comes now the plaintiff, C. C. Davis, and moves the Court to reopen the above-entitled claim for workmen's compensation, and as grounds for his motion says:

1. That the award heretofore made in this case included nothing for plaintiff's permanent partial disability.

2. That prior to the filing of plaintiff's claim herein he underwent spinal surgery to correct the injuries complained of; that since the entry of the judgment herein further surgery has been necessary; that the original surgery was not a success, and the subsequent surgery was necessary to correct the original surgery; that at the time of the entry of the judgment herein all parties herein believed that said surgery was successful, and that the complications which later necessitated additional surgery were not and could not ordinarily have been anticipated and therefore were in the nature of a latent injury.

3. That plaintiff is now totally and permanently disabled as a result of his original injury and the resulting surgery.

4. That plaintiff has been unable to do anything but light work since the entry of the judgment herein and has for all practical purposes been unable to work since then; that he was hospitalized from June 7, 1956, to June 25, 1956, and since then has had to wear a spinal brace; that he has incurred expenses for doctor, hospital and orthopedic appliances in excess of $800.00 since June 7, 1956, and will incur additional expenses of a large but undetermined amount in the future for the treatment of said injuries, which plaintiff estimates at $5,000.00.

WHEREFORE, plaintiff prays that his claim for workmen's compensation be reopened; that an award be made to him for total and permanent disability; that defendants be required to pay his doctor and hospital bills incurred since the entry of the judgment herein; that he be awarded an additional sum sufficient to take care of future doctor and hospital bills resulting from the injuries complained of, in the amount of $5,000.00; and that he have judgment for other benefits provided by the Workmen's Compensation Act, including attorney fees."

The defendants then filed a motion to dismiss which reads:

"Comes now the Employer and Insurer and move the Court to dismiss Claimant's motion to reopen for the reason that:

"1. The motion is not timely under Rule 60(b) of the New Mexico Rules of Civil Procedure.

"2. The claim is not timely under the Workmen's Compensation Act of New Mexico.

"3. The issues have been fully adjudicated.

"4. Claimant has fully released Employer and Insurer."

Following the first appeal, the parties then stipulated certain facts for the purpose of that appeal only, and, as they were not again stipulated and no testimony was taken on the motion when it was considered the second time, we may consider only the matters set forth in the motion in disposing of the present appeal.

Plaintiff claims he is entitled to the benefits of § 3, Ch. 205, Laws of 1951 which now appears as § 59–10–25, N.M.S.A.1953, allowing a workman whose injuries have been aggravated a hearing before a District Judge and an additional award if the facts warrant it.

The plaintiff was injured on January 4, 1951, and the 1951 amendment did not become effective until June 8, 1951. The defendants contend the law in effect at the time of the injury fixes the rights and liabilities of the workman and the employer and insurer.

Prior to the 1951 amendment an injured workman did not have the right to reopen a case because of an aggravation of his injuries. Hudson v. Herschbach Drilling Co., 1942, 46 N.M. 330, 128 P.2d 1044. We held in Garcia v. J. C. Penney Co., 1948, 52 N.M. 410, 200 P.2d 372, that the Act in force at the time of the injury governed the rights of the parties, but the plaintiff urges that because the 1951 amendment was remedial it should be given retroactive effect. It must be noted that while the amendment is remedial, it also granted a new right to an injured workman that he did not have before. The defendants further say the amendment covers only awards made in contested cases where regular compensation payments are being made and not a lump sum settlement, such as was made in this case.

It is not every statute which is given retroactive effect, even though it be remedial. Board of Education of City of Las Vegas v. Boarman, 1948, 52 N.M. 382, 199 P.2d 998. That case involved the teacher tenure law and we said that, while it was remedial, yet it should not be given retroactive effect.

We are firmly committed to the doctrine that the remedy in a Workmen's Compensation case is a part of the right, as was held in Wilson v. New Mexico Lumber & Timber Co., 1938, 42 N.M. 438, 81 P.2d 61.

We therefore are of the opinion and hold that the rights and liabilities of the parties were governed by the law in force at the time of the injury, January 4, 1951, and that the 1951 amendment does not alter them.

If the motion could be said to fall under the provisions of our Rule 60(b) then it came too late.

The plaintiff has cited numerous cases from other states to the effect lump sum settlements may be reopened for the allowance of additional payments where there has been an aggravation of injuries or disability, but nearly all of them appear to be controlled by statute or a provision in a release giving the Industrial Commission continuing jurisdiction. Cases from other states are directly to the contrary so we will withhold decision on the point until it is squarely before us.

What has been said makes it unnecessary to consider the other points urged by the plaintiff.

The plaintiff in this case is indeed in an unfortunate position. According to the motion he is totally disabled, yet he and apparently the defendants thought the surgery had been successful at the time of the settlement.

District judges who approve these settlements have indeed a heavy responsibility. Too many times such settlements are approved pro forma with but little or no investigation having been made by the attorney selected to represent the claimant and sign the stipulation of settlement to be filed in the case. In some districts, however, the judges appreciate this responsibility. They require the defendants to produce the medical reports sent to them by their doctors, question the claimant and fully inform him of his rights, and thus make reasonably certain the settlement is a fair one. We heartily recommend this practice to all of the District Judges in the state.

The order dismissing the motion to reopen is affirmed, and it is so ordered.

LUJAN, C. J., and SADLER, COMPTON and SHILLINGLAW, JJ., concur.