384 P.2d 1022

Jay NOFFSKER, Plaintiff-Appellant,

**v.**

K. BARNETT & SONS, Employer, and Mountain States Mutual Casualty Company, Insurer, Defendants-Appellees.

No. 7262.

Supreme Court of New Mexico.

Sept. 3, 1963.

Harry L. Patton, Clovis, for appellant.

Rowley, Davis, Hammond & Murphy, Clovis, for appellees.

CARMODY, Justice.

In this case, claimant sought compensation, together with certain medical and surgical expenses, and appeals only because of

the limited amount of medical benefits allowed by the trial court.

The claim seeking compensation was filed in April of 1962, for an injury suffered in 1958. The trial court ruled, and properly so on the facts as found, that the claim for compensation was barred, but allowed claimant $700.00 for medical and surgical expenses and attorney's fees.

Between the time of the accident and the time when a spinal fusion was performed on claimant, the New Mexico statute granting medical expenses was amended to increase the amount of the benefits. The old statute (§ 59–10–19, N.M.S.A.1953) limited the amount of these expenses to the sum of $700.00, unless additional services were found to be necessary by the court. The statute as amended in 1959 (§ 59–10–19.1, N.M.S.A.1953) varied in certain particulars, but provided a limit of $1,500.00 without court approval; also providing, however, for a hearing for amounts in excess thereof. (We observe that the statute was further amended by ch. 269, § 3, Session Laws of 1963, and now appearing as a new § 59–10–19.1 in the 1963 Pocket Supplement, N.M. S.A.1953. However, it has no application here.)

■ Claimant's point I is to the effect that he is entitled to the increased medical benefits under the amended act, contending that the amendment is retroactive in operation. There is nothing to show that the legislature intended the amendment to operate other than prospectively. We said in Nasci v. Frank Paxton Lumber Co., 1961, 69 N.M. 412, 367 P.2d 913, that the statute would not apply retroactively, although in that case we were considering another section of the amendatory statute. Still, we perceive no compelling reason why a different construction should be placed on this particular section of the same amendment. The right to payment for medical and hospital expenses is a substantive right and must be measured by the provisions of the act in force at the time the cause of action accrues, which in this instance was prior to the passage of the amendatory act.

■ Further, to give the amendment a retroactive effect would alter a substantial term of the contract existing between employer and employee at the time of injury, contrary to the constitutional provisions prohibiting impairment of contracts. See, Mitchell v. United States Fidelity & Guar. Co., 206 F.Supp. 489 (E.D.Tenn.1962); Yeager v. Delano Granite Works, 1957, 250 Minn. 303, 84 N.W.2d 363; McClung v. National Carbon Co., 1950, 190 Tenn. 202, 228 S.W.2d 488; Salmon v. Denhart Elevators, 1948, 72 S.D. 110, 30 N.W.2d 644.

Claimant's first point is found without merit.

The second and last point made is that the claimant is not required to make demand for and obtain an order prior to incurring medical and surgical expenses above the limit set by the statute. We take note of the fact that the trial court found (and nothing is called to our attention which is contrary thereto) that the claimant never notified the defendants of his need or desire for medical treatment, nor did he request the same, nor did he apply to the court for an order requiring the increase for such expenses over the statutory ceiling. Inasmuch as the statute provides a means by which an injured employee may apply for an increase in medical and surgical expenses, it is necessary that there be at least substantial compliance with the statute, and this does not appear in the instant case. See, George v. Miller & Smith, Inc., 1950, 54 N.M. 210, 219 P.2d 285; and Dudley v. Ferguson Trucking Company, 1956, 61 N.M. 166, 297 P.2d 313.

We do not believe there was any error in the trial court's limiting the liability to the amount ordered, or in its refusal, under the circumstances here, to allow additional medical and surgical expenses.

The judgment will be affirmed. It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.