760 P.2d 793

Andy **STRICKLAND**,
Claimant–Appellant,

v.

**COCA–COLA BOTTLING CO.**, et al.,
Respondents–Appellees.

No. 10560.

Court of Appeals of New Mexico.

June 2, 1988.

Certiorari Denied July 19, 1988.

Bruce P. Moore, Albuquerque, Victor A. Titus, Farmington, for claimant-appellant.

Bob Thorson, Albuquerque, for respondents-appellees.

## OPINION

DONNELLY, Chief Judge.

Claimant-worker, Strickland, appeals a final dispositional order of the workers' compensation division denying him compensation and related benefits. The calendar notice proposed summary affirmance and Strickland filed a timely memorandum opposing summary affirmance. We affirm.

Strickland's first issue is whether certain interim provisions of the workers' compensation law enacted in 1986 apply to the present case. *See* 1986 N.M.Laws, ch. 22, §§ 4 & 5 (codified as NMSA 1978, §§ 52–1–24 & –25 (Cum.Supp.1986)). Strickland was injured on May 15, 1986, although he continued to perform the normal duties of his job and did not inform his employer of the accident until June 2, 1986, when he sought medical attention. The calendar notice proposed, and Strickland concedes, that his injury became compensable on June 2, 1986. He was paid his full salary until August 1, 1986, and received compensation benefits until late March 1987 when the employer discontinued payment of these benefits.

1986 N.M.Laws, ch. 22, Section 101, states the provisions of the Workmen's Compensation Act relating to the definitions of total and partial disability "shall apply to injuries and deaths occurring, and occupational diseases manifesting themselves, on or after the effective date of those sections." *Id.* Because no specific effective date was adopted by the legislature for this provision of the Workmen's Compensation Act, it became effective on

May 21, 1986. *See* N.M. Const., art. IV, § 23.

■ The hearing officer determined that Sections 52–1–24 and –25 applied to the present case. We agree. We interpret the injuries referred to in Section 101 to mean compensable injuries rather than accidents. In the present case, it is clear that the accident occurred on May 15, 1986. Strickland concedes he did not suffer a compensable injury until June 2, 1986. *See Romero v. General Elec. Corp.*, 104 N.M. 652, 725 P.2d 1220 (Ct.App.1986) (significant date for purposes of determining when the statute of limitations begins to run is the date when a worker knew or should have known he suffered a compensable injury). The supreme court has indicated that the right to compensation is a right that should be measured by the legislative provisions in force at the time the cause of action became effective. *Cf. Noffsker v. Barnett & Sons*, 72 N.M. 471, 384 P.2d 1022 (1963) (a claimant's right to payment for medical and hospital expenses is a substantive right controlled by the act in force at the time the cause of action accrued). The date the injury occurred is, therefore, after the effective date of the provisions. Hence, the provisions of the 1986 act apply. 1986 N.M.Laws, ch. 22, § 101.

Strickland asserts that, even if the interim provisions apply, he has proven his disability and that the applicable standard of review is whole record review. We assume, but do not decide, that the whole record standard of review is applicable. Under either the whole record or substantial evidence standard of review, we determine that he failed to prove that he was disabled pursuant to the 1986 act.

■ To receive permanent partial disability under the interim provisions, a worker must prove an anatomic or functional abnormality "as determined by a medically or scientifically demonstrable finding as presented in the American medical association's guides" or comparable publications. NMSA 1978, § 52–1–25 (Cum.Supp.1986). Strickland concedes there was no evidence introduced as to any guidebook or comparable publication. The record indicates that

he failed to prove permanent partial disability under the 1986 act.

■ To receive total disability compensation under the interim provisions, a worker must prove the existence of a "permanent physical impairment * * * resulting by reason of an accidental injury arising out of and in the course of employment *whereby* a workman is wholly unable to earn comparable wages or salary." NMSA 1978, § 52–1–24 (Cum.Supp.1986) (emphasis added). Strickland points to no evidence regarding comparable wages or salary as required for permanent total disability. In his memorandum in opposition, Strickland asserts he has been unable to find work with the permanent restrictions his doctor has placed on him. The memorandum states there was evidence that his medical restrictions did not prevent Stickland from performing clerical work, but his former employer did not have any openings in that area. No facts are recited regarding the wage or salary in this area. Strickland argues that the inability to earn comparable wages need not result from his physical impairment, but may be due to the unavailability of work. This interpretation is clearly contrary to the express language of the statute. *See Wittkowski v. State, Corrections Dep't*, 103 N.M. 526, 710 P.2d 93 (Ct.App.1985) *overruled on other grounds, Silva v. State*, 106 N.M. 472, 745 P.2d 380 (1987) (statute is to be given effect as written); *see also Security Trust v. Smith*, 93 N.M. 35, 596 P.2d 248 (1979) (although workers' compensation act should be liberally construed, it should not be construed to nullify its provisions). *Cf.* NMSA 1978, § 52–5–1 (Repl.Pamp.1987) (legislature specifically intended that liberal construction should not apply). We therefore give effect to the plain meaning of the statute.

■ Strickland also asserts that proof that respondents made voluntary payment of total disability benefits constituted sufficient evidence that he was disabled. This contention is contrary to prior decisions of this court. *See Gonzales v. Stanke-Brown & Assoc., Inc.*, 98 N.M. 379, 648 P.2d 1192 (Ct.App.1982) (voluntary payment of compensation not admission that

disability was direct and natural result of accident). We find nothing in the amendments to the workers' compensation law to modify our prior case law on this subject. Nor does the fact of voluntary payments of disability benefits constitute proof that Strickland was unable to earn comparable wages or salary. The hearing officer did not err in denying him compensation and related benefits based on the failure to prove total or partial disability.

 We deny Strickland's motion to remand the case for the taking of supplemental testimony based on the fact that trial counsel was not aware until trial that there was an issue as to the applicable law. Strickland in fact did present some evidence on some of the elements required for a finding of disability under the interim law. His trial counsel argued at the administrative hearing that the physical restrictions imposed on Strickland by his doctor were solely and proximately caused by the on-the-job accident of May 15, 1986. The hearing officer concluded, however, that these restrictions resulted solely from a developmental condition rather than an on-the-job injury and that his inability to return to work was a result of those restrictions. We determine that the motion to remand should be denied since the motion contains no indication that the administrative tribunal would entertain a motion to modify its prior ruling.

The order of the hearing officer is affirmed. Upon careful consideration of the appeal herein, we determine that an award of attorney fees is not appropriate in the present case.

IT IS SO ORDERED.

MINZNER and APODACA, JJ., concur.