775 P.2d 1325

**The CITY OF ROSWELL and the Home Insurance Company, Claimants–Appellees,**

v.

**Fabian CHAVEZ, Superintendent of Insurance of the State of New Mexico, and the New Mexico Subsequent Injury Fund, Respondents–Appellants.**

**No. 11,174.**

Court of Appeals of New Mexico.

May 9, 1989.

Certiorari Denied June 19, 1989.

Freddie J. Romero, Atwood, Malone, Mann & Turner, Roswell, for claimants-appellees.

Thomas D. Haines, Jr., Hinkle, Cox, Eaton, Coffield & Hensley, Roswell, for respondents-appellants.

## OPINION

APODACA, Judge.

The Subsequent Injury Fund (the fund) filed an application for interlocutory appeal from the hearing officer's decision granting summary judgment to employer (the city) and denying the fund's own motion for summary judgment. The fund claimed below that the statute of limitations had run. The city, on the other hand, argued the statute had not commenced running until the certificate of preexisting impairment was signed by the worker or, if the statute had begun to run earlier, that it was tolled during the period of time worker refused to sign the certificate. The hearing officer alternatively adopted both of the city's arguments.

We granted the fund's application and proposed summary reversal. The city responded with a memorandum in opposition. We are not persuaded by the memorandum and reverse. Two issues are raised in this appeal: (a) the effect, if any, of the date of filing of a certificate of preexisting impairment on the statute of limitations for claims against the fund; and (b) whether the statute of limitations may be tolled in the absence of a statutory tolling provision or fault on the part of the fund.

The hearing officer made extensive findings of fact that are undisputed on appeal. Worker suffered his initial injury on September 24, 1975, while employed by the city. The injury resulted in permanent impairment to his knee, and the city had actual knowledge of that impairment. On February 25, 1982, worker suffered a subsequent injury, again while employed by the city. The subsequent injury caused worker to become totally disabled, and his employment with the city was terminated on April 15, 1982. The city began paying workers' compensation benefits in July 1982. Between June 1984 and September 1987, the city's attorneys made numerous attempts to have worker sign a certificate of preexisting impairment. Worker rebuffed all such attempts until September 10, 1987, when he finally signed the certificate. On December 3, 1987, the city filed a claim with the workers' compensation division requesting apportionment of the benefits paid to worker as a result of the subsequent injury.

## DATE STATUTE OF LIMITATIONS BEGAN TO RUN

This court recently decided that the limitations period on claims by employers against the fund begins to run from the time the employer knew or should have known it had a claim against the fund. *Hernandez v. Levi Strauss, Inc.*, 107 N.M. 644, 763 P.2d 78 (Ct.App.1988). The hearing officer in this case, in effect, modified the *Hernandez* rule and held that the statute does not begin to run until a certificate of preexisting physical impairment has been executed.

We agree with the premise that the execution and filing of a certificate is a

procedural prerequisite to recovery from the fund. *See Vaughn v. United Nuclear Corp.*, 98 N.M. 481, 650 P.2d 3 (Ct.App. 1982). It does not follow, however, that the filing has any effect on the accrual of the statute of limitations. *See Hernandez v. Levi Strauss, Inc.* (discussing certificate as prerequisite to employer's recovery from fund, but ignoring it in discussing date employer's claim against fund accrued).

The purpose of the certificate is to provide notice to the employer of the worker's preexisting condition. *Vaughn v. United Nuclear Corp.* The certificate, or the employer's actual knowledge of the condition, in effect provides the employer with notice of a potential claim against the fund upon the occurrence of a subsequent injury. It is also a form of proof that the employer hired or retained the worker despite having knowledge of the preexisting condition. As a procedural requirement, we believe the execution of the certificate is analogous to the "notice to the employer" requirement under the Workers' Compensation Act. *See* NMSA 1978, § 52–1–29 (Repl. Pamp.1987).

Under the Workers' Compensation Act, for example, notice of the accident, or the employer's actual knowledge of the accident, is a procedural prerequisite to recovery of compensation. The statute of limitations, however, accrues on the date the worker knew or should have known of the compensable character of the injury, and the employer failed or refused to pay compensation. *See ABF Freight System v. Montano*, 99 N.M. 259, 657 P.2d 115 (1982). It is quite apparent that there is no connection between the accrual date of the statute of limitations and the date on which the employer received written notice of the accident or had actual knowledge of the accident.

Similarly, in contexts other than workers' compensation cases, there are procedural prerequisites dealing with notice that have no effect on the date a statute of limitations begins to run. For instance, the New Mexico Tort Claims Act contains a notice requirement that is a prerequisite to recovery but is irrelevant to the accrual date of the statute of limitations. *See* NMSA 1978, §§ 41–4–15 & 41–4–16 (Cum.Supp. 1988).

From the above, we conclude that prerequisites to recovery often have no relation to the running of a limitations period. The filing of a certificate of preexisting physical impairment is a procedural prerequisite to recovery that has no effect on the running of the statute of limitations. To reiterate what we said in *Hernandez*, the limitations period begins to run when an employer knows or should know that a subsequent, compensable injury has occurred, whether or not a certificate has been filed.

## TOLLING OF STATUTE OF LIMITATIONS

■ The hearing officer found that even if the limitations period began to run before the certificate was filed, the period should be tolled during the time the city was attempting to obtain worker's signature on the certificate. Worker's refusal to execute the certificate, according to the hearing officer, provided good cause for the city's failure to file its claim against the fund within the limitations period.

Tolling of a limitations period is normally accomplished by statute. *See* NMSA 1978, §§ 37–1–9 to 37–1–12 (tolling for absence or concealment of a debtor, minority, incapacity, death of claimant, and stay of action pursuant to injunction); *cf. Hardin v. Farris*, 87 N.M. 143, 530 P.2d 407 (Ct.App. 1974) (holding that tolling may occur even in absence of statute, *if* defendant prevented plaintiff from knowing of claim by fraudulently concealing it or failing to disclose it when its existence is hidden from plaintiff). As the *Hardin* case illustrates, some fault on the part of the defendant is usually required to establish a right to non-statutory tolling. *See also Molinar v. City of Carlsbad*, 105 N.M. 628, 735 P.2d

1134 (1987) (*conduct of a party* may estop it from raising statute of limitations as a defense). We are aware of no authority allowing tolling where, as here, a third party caused the delay in filing.

In *Hernandez,* this court noted that "[t]he determination of whether a claim is timely filed or whether good cause exists for any delay in filing is, however, a question of fact." 107 N.M. at 647, 763 P.2d at 81. The city argues that this language supports the hearing officer's determination that good cause existed, as a matter of fact, for the city's failure to file its claim within the limitations period. We disagree. Although the reference in *Hernandez* to good cause is unclear, we conclude that *Hernandez* did not intend to create a new tolling doctrine for subsequent injury fund cases. In support of the statement quoted above, *Hernandez* cited *Pena v. New Mexico Highway Department,* 100 N.M. 408, 671 P.2d 656 (Ct.App.1983), a case discussing latent injuries and their effect on the issue of when an employee should have known that he had suffered a compensable injury. Thus, we believe the language in *Hernandez* on which the city relies refers to those circumstances in which it is necessary to determine when the employer should have known it had a claim against the fund. The Minnesota cases on which the city relies do not aid the city, because they do not address the issue of when a statute of limitations is tolled. We note that the Minnesota case on which *Hernandez* relied was decided in the context of a commission rule specifically allowing extension of time to file a notice of claim upon a showing of "proper circumstances." *See Rybus v. Kruetzer Motor Express,* 298 Minn. 435, 215 N.W.2d 611 (1974). Absent authority establishing the existence of a good cause rule as applied by the hearing officer in this case, and absent any facts indicating the fund's complicity in the late filing, we necessarily conclude that the hearing officer erred in ruling that the statute of limitations was tolled.

We recognize that refusal to toll the limitations period may seem unfair when worker was the cause of some of the delay. We note, however, that the city, against which knowledge of the existence of a limitations period must be imposed, could have prevented the loss of its claim in one of several ways. It could have obtained the necessary signature and filed the certificate at any time after the initial injury, while worker was still employed. Even after the second injury, worker was employed for 1½ months, during which time the city could have obtained his signature. Finally, the city could have attempted substantial compliance with the statute by filing its claim against the fund with an unsigned certificate, contemporaneously asserting worker's refusal to execute it.

## DISPOSITION

Determination of the timeliness of a claim as a matter of law is only proper if, under the undisputed facts, there is no room for a reasonable difference of opinion. *Pena v. New Mexico Highway Dep't.* Under the undisputed facts in this case, no inference could be drawn that the fund in any way caused the delay in filing. The city does not argue to the contrary. As noted above, such fault on the part of the fund is a prerequisite to the tolling of the limitations period, absent express statutory authority for the tolling. Thus, the statute of limitations was not tolled and therefore expired in 1986. *See Hernandez v. Levi Strauss, Inc.* (prior to 1988 amendment to Subsequent Injury Act providing for two-year limitations period, *see* NMSA 1978, Section 52–2–14 (Supp.1988), limitations period applicable to claims against the fund was four-year period provided in NMSA 1978, Section 37–1–4). On this basis, the fund's motion for summary judgment should have been granted. We reverse the judgment in favor of the city and remand for the entry of an order granting the fund's motion for summary judgment.

IT IS SO ORDERED.

BIVINS, C.J., and MINZNER, J., concur.