777 P.2d 383

Gabriela BATEMAN, Individually and as Mother of Paul Bateman and Nadine Bateman, Minor Children, Claimant–Appellant/Cross–Appellee,

v.

SPRINGER BUILDING MATERIALS CORPORATION, a/k/a Mobile Premix Concrete, Inc., Respondent–Appellee/Cross–Appellant.

No. 10493.

Court of Appeals of New Mexico.

May 11, 1989.

Certiorari Denied July 26, 1989.

Ronald Boyd, Santa Fe, for claimant-appellant/cross-appellee.

David N. Whitham, Butt, Thornton and Baehr, P.C., Albuquerque, for respondent-appellee/cross-appellant.

## OPINION

ALARID, Judge.

Claimant's husband, Richard Bateman, was employed as a batch plant operator by Springer Building Materials Corporation (respondent). On December 16, 1986, Bateman died when he became entrapped in the snub pulley conveyor belt mechanism of batch plant number two. It is undisputed that Bateman's death arose out of and in the course of his employment with respondent.

Claimant filed an action in the Workers' Compensation Division seeking an increase in benefits due to respondent's failure to provide a safety device. *See* NMSA 1978, § 52–1–10 (Orig.Pamp.). Respondent sought a decrease in benefits due to decedent's failure to follow certain safety procedures. *See Id.* Prior to entry of judgment, claimant also filed a motion requesting attorney's fees and costs.

On appeal, claimant challenges the hearing officer's order awarding her attorney's fees at her expense. Respondent cross-appeals the hearing officer's award of a ten percent increase in benefits to claimant. We affirm the hearing officer's decisions on both issues.

ATTORNEY'S FEES

■ Claimant argues the hearing officer erred in awarding attorney's fees under the provisions of NMSA 1978, Section 52–1–54 (Cum.Supp.1986) (the interim Act), and instead should have based the award on the provisions of NMSA 1978, Section 52–1–54 (Repl.Pamp.1987) (the new Act). Claimant does not dispute the June 19, 1987 effective date of the new Act's provisons regarding attorney's fees. *See* 1986 N.M.Laws, ch. 22, § 105; 1987 N.M.Laws, ch. 235, §§ 24 & 54(A); N.M. Const. art. IV, § 23. Rather, claimant contends the provisions of the new act should control since its effective date preceded the entry of judgment, and that no right to attorney's fees had vested until judgment issued awarding compensation to the worker.

■ In support of her contention, claimant correctly observes that an award of attorney's fees in a workers' compensation action must be predicated on a successful recovery of compensation or other medical or related benefits. *Montoya v. Anaconda Mining Co.*, 97 N.M. 1, 635 P.2d 1323 (Ct. App.1981). Since attorney's fees are not available until recovery of compensation for the worker, claimant asserts that neither party has a vested right in a particular procedure or method for awarding attorney's fees prior to the actual award of compensation. *See Rubalcava v. Garst*, 53 N.M. 295, 206 P.2d 1154 (1949). Through this analysis, the provisions of the new act would control since judgment in this case was not entered until January 25, 1989, well after the effective date of the new act. Claimant relies on this same analysis in arguing that application of the provisions of the new act would not offend N.M. Const. article IV, section 34 (the legislature may not affect the right or remedy of a litigant, or change the rules of procedure in any pending case), since the right to attorney's fees does not vest until compensation is awarded.

We are not persuaded by claimant's analysis. The proposition that the Workers' Compensation Act is sui generis is a fundamental and controlling characteristic of the Act. *Anaya v. City of Santa Fe*, 80 N.M. 54, 451 P.2d 303 (1969); *Magee v. Albuquerque Gravel Products Co.*, 65 N.M. 314, 336 P.2d 1066 (1959). It creates exclusive rights and remedies which are not subject to or controlled by causes of action in law or equity or civil procedure, except as provided by the Act. *Id.* Specific to this question, the Act provides for the amount, method of payment, and burden of proof required for an award of attorney's fees to a claimant. *See* § 52–1–54.

The interim Act, in place at the time of decedent's accident, provided that "the benefits for death, shall be based on, and limited to, the benefits in effect on the date of the accidental injury resulting in the disability or death." NMSA 1978 § 52–1–48 (Orig.Pamp.). *Cf. Amos v. Gilbert W. Corp.*, 103 N.M. 631, 711 P.2d 908 (Ct.App. 1985) (award of compensation should have been based on rate in effect at time of injury and not on rate in effect at time of trial). Accordingly, the benefits available to claimant are the benefits of the interm Act which was in effect on December 16, 1986, when Bateman's accidental death occurred.

Claimant argues that nowhere in the Workers' Compensation Act are attorney's fees referred to as "benefits". However, claimant offers no authority suggesting the word "benefits" is exclusive of attorney's fees. Facing a similar question concerning attorney's fees in *Cadwell v. Bechtel Power Corp.*, 732 P.2d 1352, 1354 (Mont.1987), the Supreme Court of Montana relied, in part, on the proposition that "Workers' Compensation benefits are determined by the statutes in effect as of the date of injury," in holding that the law in effect at the time of claimant's injury, rather than the law in effect at the time of the award of compensation benefits, applied to determination of claimant's attorney's fees. Like the court in *Cadwell*, we see no reason to distinguish an award of attorney's fees from any other benefit to which a claimant is entitled.

■ A primary purpose of the Workers' Compensation Act is to avoid uncertainty in litigation. *Mirabal v. International Minerals & Chem. Corp.*, 77 N.M. 576, 425

P.2d 740 (1967). Interpreting Section 52–1–48 to include determination of the controlling law regarding attorney's fees promotes certainty in litigation and respects the sui generis nature of our Workers' Compensation Act. *See Id.;. see also Anaya v. City of Santa Fe; Magee v. Albuquerque Gravel Products Co.* Our disposition of this issue precludes the necessity to reach the constitutional question.

## INCREASE IN BENEFITS

On cross-appeal, respondent challenges the hearing officer's award of a ten percent increase in benefits to claimant. Respondent argues a ten percent decrease in benefits was appropriate due to decedent's failure to use a safety device provided by respondent, or decedent's failure to observe standard lock out procedures. *See* § 52–1–10.

As to decedent's failure to use a safety device, we find respondent failed to properly preserve the issue for appellate review. Where a party has failed to request specific findings, a review of the evidence is not appropriate on appeal. *Crownover v. National Farmers Union Property and Casualty Co.*, 100 N.M. 568, 673 P.2d 1301 (1983); *Pedigo v. Valley Mobile Homes, Inc.*, 97 N.M. 795, 643 P.2d 1247 (Ct.App.1982). Among the thirty findings of fact requested by respondent, we find nothing specifically identified as a "safety device". Absent such identification, we do not review the issue. *See Crownover; Pedigo.*

Alternatively, respondent claims decedent's failure to observe standard lock out procedures requires a ten percent decrease in benefits. Respondent argues the lock out procedures are standard practice established by both Federal and New Mexico OSHA regulations, and as such are "statutory regulations" under Section 52–1–10(A). We find this contention without merit. The use of OSHA regulations to modify an employee's workers' compensation benefits is clearly precluded under NMSA 1978, 50–9–21(A) (Repl.Pamp.1988). *Cf., Casillas v. S.W.I.G.*, 96 N.M. 84, 628 P.2d 329 (Ct.App.1981), *appeal dismissed,*

454 U.S. 934, 102 S.Ct. 467, 70 L.Ed.2d 242 (1981).

Finally, we urge respondent's counsel engage in a careful reading of SCRA 1986, 12–208(B)(5), which requires docketing statements include citation to contrary authorities known by appellant. The record below reveals respondent used Section 50–9–21(A) as the basis for an objection to claimant's attempt to introduce OSHA regulations in the proceedings before the hearing officer, yet respondent failed to direct this court's attention to the same section in its docketing statement. We also urge a general reading of SCRA 1986, 12–312, empowering this court to impose sanctions for failure to comply with the appellate court rules.

## CONCLUSION

The decisions of the hearing officer to award attorney's fees under the provisions of the interim Act and to increase claimant's benefits by ten percent due to respondent's failure to provide a safety device are affirmed. Claimant is awarded $1,000 in attorney's fees for defending the cross-appeal. *See Garcia v. Genuine Parts Co.*, 90 N.M. 124, 560 P.2d 545 (Ct.App.1977).

IT IS SO ORDERED.

APODACA and CHAVEZ, JJ., concur.