782 P.2d 395

**Joe JOJOLA, Claimant,**

v.

**AETNA LIFE AND CASUALTY and Twin Mountain Construction, Respondents–Appellants,**

v.

**The NEW MEXICO SUBSEQUENT IN-JURY FUND, Respondents–Appellees.**

No. 11352.

Court of Appeals of New Mexico.

Oct. 12, 1989.

Maureen S. Reed, Christopher W. Nickels, Beall, Pelton, O'Brien & Brown, Albuquerque, N.M., for respondents-appellants.

Nathan H. Mann and M. Clea Gutterson, Gallagher, Casados & Mann, P.C., Albuquerque, N.M., for respondents-appellees.

OPINION

HARTZ, Judge.

The Workers' Compensation Division (the WCD) dismissed employer's claim against the New Mexico Subsequent Injury Fund (the Fund) on the ground that employer had not filed a certificate of pre-existing impairment prior to worker's subsequent injury, as required by a statute that became effective after the subsequent injury but before employer filed its claim against the Fund. Employer appeals. We reverse.

FACTS

Because the Fund did not challenge the facts stated in employer's docketing statement, we accept those facts as true for purposes of this appeal. *See State v. Calanche*, 91 N.M. 390, 574 P.2d 1018 (Ct. App.1978). Worker suffered an accidental work-related injury on July 21, 1987. Prior to that injury he had sustained an injury that caused a permanent physical impairment. Although employer had actual knowledge of the pre-existing physical impairment, at the time of worker's subsequent injury it had not yet filed a certificate attesting to the pre-existing impairment. On September 23, 1987, worker

filed a compensation claim against employer. Employer brought in the Fund as a party to the action on April 12, 1988.

Under the law in effect at the time of worker's subsequent injury, employer could recover from the Fund even though prior to the injury it had not filed a certificate of pre-existing impairment, as long as employer had actual knowledge of worker's pre-existing condition. *See Fierro v. Stanley's Hardware,* 104 N.M. 50, 716 P.2d 241 (1986). In 1988, however, the legislature amended the Subsequent Injury Act to forbid an employer from recovering from the Fund for the subsequent injury unless a certificate had been filed *before* the subsequent injury. NMSA 1978, § 52-2-6(D) (Supp.1988) (Subsequent Injury Act is applicable only to disability arising out of accident taking place after certificate of pre-existing impairment has been filed). This amendment was effective March 8, 1988. 1988 N.M. Laws, ch. 109, § 4.

Acting on the Fund's motion for summary judgment, the WCD decided that the amendment should apply in this case and dismissed employer's claim against the Fund. Thus, employer's claim was extinguished even though at the time of the subsequent injury it had no reason to know that it would be held to a prior-filing requirement.

DISCUSSION

Starting from the proposition that the filing requirement is a procedural matter, *see City of Roswell v. Chavez,* 108 N.M. 608, 775 P.2d 1325 (Ct.App.1989) (filing certificate is procedural prerequisite to recovery from the Fund), the Fund argues that the amendment to the filing requirement is a change in procedure, rather than substantive rights, and therefore should be applied retroactively. *See Wilson v. New Mexico Lumber & Timber Co.,* 42 N.M. 438, 81 P.2d 61 (1938) (statutes dealing only with remedial procedure are generally given retroactive effect).

■ Nevertheless, in workers' compensation cases the uniform rule in this state has been that a claim for benefits is governed by the law in effect at the time the cause of action accrued. *See Noffsker v.*

*K. Barnett & Sons,* 72 N.M. 471, 384 P.2d 1022 (1963) (amount of medical expenses recoverable without court approval); *Davis v. Meadors-Cherry Co.,* 65 N.M. 21, 331 P.2d 523 (1958) (worker's right to an additional award because of aggravation of injury); *Wilson v. New Mexico Lumber & Timber Co.* (statute of limitations); *Bateman v. Springer Bldg. Materials Corp.,* 108 N.M. 655, 777 P.2d 383 (Ct.App.1989) (worker's right to attorney fees); *Strickland v. Coca-Cola Bottling Co.,* 107 N.M. 500, 760 P.2d 793 (Ct.App.1988) (definition of disability). Amendments to the Workers' Compensation Act have been applied only prospectively. *Jaramillo v. Kaufman Plumbing & Heating Co.,* 103 N.M. 400, 708 P.2d 312 (1985) is not in point. The passage from that opinion quoted in the special concurrence related to whether a district court could determine that the worker had not been disabled in the past and then require the worker to repay prior disability benefits. The statute at issue had been enacted decades earlier, so there was no question as to "retroactive" application of the statute in the sense that we confront in this case.

■ This uniformity in result follows from the *sui generis* nature of the Workers' Compensation Act. *See Bateman v. Springer Bldg. Materials Corp.* As stated in *Davis v. Meadors-Cherry Corp.,* 65 N.M. at 24, 331 P.2d at 525, "We are firmly committed to the doctrine that the remedy in a Workmen's Compensation case is a part of the right[.]" For example, even though a statute of limitations is often considered a matter of remedial procedure and therefore applied retroactively, *see, e.g., Standard Acc. Ins. Co. v. Miller,* 170 F.2d 495 (7th Cir.1948), the New Mexico Supreme Court has held that the statute of limitations in our Workers' Compensation Act is "a limitation upon the right as well as the remedy" and should not be applied retroactively. *Wilson v. New Mexico Lumber & Timber Co.,* 42 N.M. at 442, 81 P.2d at 64. Therefore, we believe that it is not fruitful to analyze whether a provision of the Workers' Compensation Act is a matter of remedial procedure in determining

whether it should be applied retroactively. The teaching of our cases can be expressed in a simple rule upon which the legislature and litigants can rely: in the absence of express statutory language or compelling reasons to the contrary, any new provisions of the Workers' Compensation Act shall apply only to causes of action accruing after the effective date of the provision.[1]

The same rule should apply to the Subsequent Injury Act. Employers' claims for reimbursement under the Subsequent Injury Act, NMSA 1978, Sections 52–2–1 to 52–2–14 (Repl.Pamp.1987 and Supp.1988), are dependent on claims for benefits filed under the Workers' Compensation Act. *See* § 52–2–5 (Supp.1988) (payments from subsequent injury fund may be made as reimbursement to employer for benefits paid under Workers' Compensation Act). Because of the relationship between workers' compensation claims and claims against the Fund, it is appropriate to apply equivalent rules of construction in interpreting the two acts. *See Rader v. Don J. Cummings Co.*, 109 N.M. 219, 784 P.2d 38 (App.1989).

■ Turning to the dispute before us, the statute does not provide explicitly for retroactive application of the filing requirement. Nor is there any compelling reason to apply the requirement retroactively. On the contrary, we would find it offensive to impose a statutory requirement retroactively when the affected party, as in this case, would have had no reason to know of the requirement in time to comply with it, particularly when compliance would have been relatively easy. *See* 2 N. Singer, *Sutherland Statutory Construction* § 41–05 (Sands 4th ed.1986) (a decision regarding retroactivity properly rests on subtle judgments concerning fairness).

We reverse the grant of summary judgment and order the hearing officer to reinstate employer's claim against the Fund.

IT IS SO ORDERED.

1. We note that this rule is consistent with the result in *Canton Textile Mills, Inc. v. Lathem*, 253 Ga. 102, 317 S.E.2d 189 (1984), cited by the special concurrence, because the language of the statute was explicit.

ALARID, J., concurs.

DONNELLY, J., specially concurs.

DONNELLY, Judge (Specially Concurring).

I concur with the majority that the workers' compensation hearing officer erred in dismissing the employer's claim against the Subsequent Injury Fund. I do not join in the majority's promulgation of a rule of construction applicable to future legislative amendments to the Workers'ᵴ Compensation or Subsequent Injury Acts because the rule as stated is dicta and departs from controlling precedent.

I respectfully disagree with that portion of the majority decision which goes beyond construction of the applicable statute in this case and seeks to declare a controlling rule of statutory construction applicable to future legislative amendments to the Workers' Compensation Act and Subsequent Injury Act. In my opinion, the rule of statutory construction adopted by the majority departs from controlling precedent in *Wilson v. New Mexico Lumber & Timber Co.*, 42 N.M. 438, 81 P.2d 61 (1938). *Wilson*, relying upon numerous decisions from other jurisdictions and prior New Mexico precedent, discussed a general rule of statutory construction applied by the courts for discerning legislative intent in order to determine whether an amendment to the workers' compensation statute was intended by the legislature to be accorded retroactive or prospective effect. There, the supreme court recognized that in determining whether a statute should be construed so as to have retroactive effect, other factors must also be considered, including determination of whether the legislation affects existing or substantive rights, or whether the act is one dealing with remedial procedure. I am unable to agree with the majority that "it is not fruitful to analyze whether a provision of the Workers' Compensation Act is a matter of remedial procedure in determining whether it should be applied retroactively."

The oft stated rule of statutory construction followed by the courts in New Mexico is that statutes, except those dealing with remedial procedure, are to be construed as prospective rather than retroactive unless there is a clear legislative intention to the contrary. *Hansman v. Bernalillo County Assessor,* 95 N.M. 697, 625 P.2d 1214 (Ct. App.1980). Nevertheless, statutes, including amendments to the Workers' Compensation Act, may be given retroactive application where a reviewing court determines that this was the legislative purpose. *See Jaramillo v. Kaufman Plumbing & Heating, Co.,* 103 N.M. 400, 708 P.2d 312 (1985) (adopting special concurrence of Judge Bivins); *Wilson v. New Mexico Lumber & Timber Co.,* (discussing exception to general rule of prospectivity, in specific instances, where statute deals with "remedial procedure"); *Canton Textile Mills, Inc. v. Lathem,* 253 Ga. 102, 317 S.E.2d 189 (1984) (recognizing retroactivity of provision of workers' compensation statute). *See also Standard Acc. Ins. Co. v. Miller,* 170 F.2d 495 (7th Cir.1948) (applying workers' compensation statute retroactively). In *Jaramillo* the supreme court adopted the following:

> While [the statute] does not expressly provide for retroactive application and, given the short intervals when applications for changes in compensation may be made, such would not ordinarily be contemplated; nevertheless, *equitable principles may warrant retroactive application* in an appropriate case. [Emphasis added.]

*Id.* at 407, 708 P.2d at 319.

The court in *Standard Accident Insurance Co. (quoting with approval from Connecticut Mutual Life Insurance Co. v. Talbot,* 113 Ind. 373, 378, 14 N.E. 586, 589 (1887)), I submit, voiced the correct rule to be applied in such cases, observing that:

> The better rule of construction, and the rule. peculiarly applicable to remedial statutes, however, is that a statute must be so construed as to make it effect the evident purpose for which it was enacted; and if the reason of the statute extends to past transactions as well as to those in the future, then it will be so applied, although the statute does not, in terms, so direct, unless to do so would impair some vested right, or violate some constitutional guaranty.

*Id.* at 498. Similarly, as observed in *Canton Textile Mills, Inc.:*

> The general rule is that laws prescribe only for the future, and usually will not be given retrospective operation. They will be given a retrospective operation, however, when the language imperatively requires it, or when an examination of the act as a whole leads to the conclusion that such was the legislative purpose. It is at last and always a question of legislative intent.

*Id.* at 104, 317 S.E.2d at 191.

Applying the above authorities to the case before us, I agree with the majority that the cause should be reversed and that the employer's claim should be reinstated against the Fund. I disagree with the rule of statutory construction promulgated by the majority.