815 P.2d 1186

Steve **ARAGON**, Claimant,

v.

**FURR'S INC.**, Respondent–Appellant,

v.

Fabian **CHAVEZ**, New Mexico Superintendent of Insurance, and New Mexico Subsequent Injury Fund, Third–Party Respondents–Appellees.

No. 12656.

Court of Appeals of New Mexico.

June 27, 1991.

Certiorari Denied Aug. 9, 1991.

John R. Tiwald, Albuquerque, for claimant.

E.W. Shepherd, Kimberly A. Franklin, Hatch, Beitler, Allen & Shepherd, P.A., Albuquerque, for respondent-appellant.

Nathan H. Mann, Doris W. Eng, Gallagher, Casados & Mann, P.C., Albuquerque, for third-party respondents-appellees.

## OPINION

BIVINS, Judge.

Employer appeals an order of the workers' compensation judge dismissing its claim against the Subsequent Injury Fund (the Fund) because the claim was barred by the statute of limitations. We reverse.

Prior to 1985, claimant had a permanent physical impairment to his left knee, of which his employer had actual knowledge. On May 21, 1985, he injured his left knee while at work; the accidental injury resulted in a disability that began the next day. In 1988 he filed a claim against his employer for temporary total and permanent partial disability benefits. The claim was settled in November of 1989. Thereafter, in June 1990, employer filed a petition for a claim against the Fund. The Fund moved for summary judgment, alleging that the statute of limitations had run on employer's claim against the Fund. Both parties agreed that employer's claim is governed by the law as it existed prior to the 1988 amendments to the Subsequent Injury Act, and therefore the applicable statute of limitations was four years. *See Hernandez v. Levi Strauss, Inc.*, 107 N.M. 644, 763 P.2d 78 (Ct.App.1988) (recognizing four-year limitations period for filing claims against fund pursuant to NMSA 1978, § 37–1–4). *Cf.* NMSA 1978, § 52–2–14 (Cum.Supp. 1990) (adopting specific statute requiring employers to assert claims against fund within two years "after the employer receives notice of a compensation claim" by worker). The parties differed, however, in their view of when the statute of limitations began to run.

The Fund argued that the statute of limitations began to run on the date that employer was notified of the subsequent injury, which in this case is the same date as the date of the subsequent injury. In support of this position, the Fund relied on language from several of our recent cases. *See Kennecott Copper Corp. v. Chavez*, 109 N.M. 439, 786 P.2d 53 (Ct.App.1990); *Davis v. Los Alamos Nat'l Laboratory*, 108 N.M. 587, 775 P.2d 1304 (Ct.App.1989);

*Hernandez v. Levi Strauss, Inc.* Employer, on the other hand, argued that the statute did not begin to run until it knew or should have known it had a claim against the Fund. *See Consolidated Freightways, Inc. v. Subsequent Injury Fund,* 110 N.M. 201, 793 P.2d 1354 (Ct.App.1990); *City of Roswell v. Chavez,* 108 N.M. 608, 775 P.2d 1325 (Ct.App.1989); *Hernandez v. Levi Strauss, Inc.* Employer further contended that the issue of when it knew or should have known it had a claim against the Fund was a factual issue. *See Pena v. New Mexico Highway Dep't,* 100 N.M. 408, 671 P.2d 656 (Ct.App.1983). In response to the Fund's motion, employer filed the affidavit of William J. Chesnut, M.D., claimant's treating physician, who stated that in his opinion, expressed to a reasonable degree of medical probability, it was not known whether the subsequent disability would be materially and substantially greater than would have resulted from the subsequent injury alone until July 1987, when it became apparent that a medical procedure performed in 1986 had failed. Thus, employer contended, it was not until July 1987 that it knew or should have known that it had a claim against the Fund. After hearing argument on the motion, the workers' compensation judge granted the Fund's motion for summary judgment.

■ On appeal, both parties base part of their argument on cases discussing the limitations periods for other causes of action. However, as this court has frequently observed, workers' compensation actions are sui generis. *Consolidated Freightways, Inc. v. Subsequent Injury Fund; Jojola v. Aetna Life & Casualty,* 109 N.M. 142, 782 P.2d 395 (Ct.App.1989). Thus, we do not consider these arguments persuasive. Similarly, employer argues that the Fund's view as to when its cause of action accrues would, if accepted, violate its rights to due process and equal protection as guaranteed to it by the United States and the New Mexico Constitutions. *See* U.S. Const. amend. XIV, § 1; N.M. Const. art. II, § 18. Our holding renders resolution of this issue unnecessary. *See Advance Schools, Inc. v. Bureau of Revenue,* 89 N.M. 79, 547 P.2d 562 (1976).

■ As this court has previously noted, an employer's claim against the Fund is similar to a worker's claim against an employer, and thus should be governed by a similar rule. *Hernandez v. Levi Strauss, Inc.; see also Jojola v. Aetna Life & Casualty Co.* The statute of limitations on a worker's claim against an employer begins to run as soon as it becomes reasonably apparent, or should become reasonably apparent, to a worker that he has an injury on account of which he is entitled to compensation, and the employer fails or refuses to make payment. *ABF Freight Sys. v. Montano,* 99 N.M. 259, 657 P.2d 115 (1982); *Salazar v. Albuquerque Tribune,* 107 N.M. 674, 763 P.2d 690 (Ct.App.1988). In many cases, the injury is such that the worker immediately knows or should know that the injury is compensable, meaning that it is disabling to some degree. However, it is also true that there are other situations in which there is a period of time between the date of the accident or the date of the injury and the date that the injury becomes compensable. *See, e.g., Strickland v. Coca–Cola Bottling Co.,* 107 N.M. 500, 760 P.2d 793 (Ct.App.1988); *Casias v. Zia Co.,* 93 N.M. 78, 596 P.2d 521 (Ct.App.1979). In those situations, the claim does not accrue and the statute of limitations does not begin to run until the claimant knows or should know that the injury is compensable.

■ We think the situation is similar with respect to an employer's claim against the Fund. In order to establish a claim against the Fund, an employer must establish the existence of certain facts beyond those necessary to establish the worker's right to compensation. *Hernandez v. Levi Strauss, Inc. See also City of Roswell v. Chavez.* Assuming that the procedural prerequisites are met, in order to establish its right to apportionment, the employer must show: 1) that claimant had a pre-existing permanent physical impairment; 2) that claimant incurred a subsequent disability that is compensable under the Workers' Compensation Act; and 3) that as a result of claimant's permanent pre-existing physi-

cal impairment, the subsequent disability is materially and substantially greater than that which would have resulted from the subsequent injury alone. *See* NMSA 1978, § 52–2–9 (Repl.Pamp.1987). Thus, just as a worker's claim does not accrue and the statute of limitations does not begin to run until the worker knows or should know that the accidental injury has resulted in a disability as defined by statute, an employer's claim against the Fund does not accrue and the statute of limitations does not begin to run until the employer knows or should know that the disability that will result from the accidental injury is materially and substantially greater than that which would have resulted from the accidental injury alone.

Having clarified the legal standard, we reiterate our belief that when this standard is met and employer knew or should have known it had a claim against the Fund is a question of fact. *Hernandez v. Levi Strauss, Inc.; Pena v. New Mexico Highway Dep't; see Consolidated Freightways, Inc. v. Subsequent Injury Fund.* In some cases, this may, as a matter of fact, occur as soon as employer receives notice of worker's claim or has actual knowledge of the claim. In other cases, it may occur at some point thereafter.

The Fund relies on cases that, it contends, hold that when the employer has knowledge of the pre-existing permanent physical impairment, the statute of limitations begins to run on the date of the subsequent injury. However, on closer inspection, it is apparent that the Fund is relying on portions of our opinions that uphold particular factual determinations concerning when, on a particular set of facts, the statute began to run. For example, in *Hernandez*, the primary issue was which statute of limitations was to be applied. Once this court determined that the proper statute was the four-year statute applicable to actions not otherwise provided for, there was, in essence, no issue, because the subsequent injury had taken place fewer than four years prior to the time employer filed its claim against the Fund. Thus, our language in that case indicating the determinative date was the

date on which the employer was notified of the subsequent injury was correct for that case, but was not meant to be treated as a rule of law applicable to all cases regardless of the facts.

Similarly, in *Davis*, claimant was injured and disabled in March 1983 when he slipped and fell at work, aggravating a pre-existing back condition. His claim for compensation benefits was apparently settled without litigation; however, in January 1987, he filed a claim against employer in order to resolve a dispute concerning certain alleged medical expenses. In May 1987, employer filed a complaint seeking apportionment of disability benefits against the Fund. The hearing officer dismissed the claim with prejudice based on theories of laches and waiver, and we affirmed on the basis of the statute of limitations.

Similarly, in *Kennecott*, claimant had numerous pre-existing injuries to his left knee. In May 1983 he again injured his knee. In August 1983 it was determined that he could not continue to work and employer began paying him temporary total disability benefits. In March 1988 employer filed a claim against the Fund, and the Fund moved for summary judgment, alleging that the four-year statute of limitations had expired. In support of its motion, the Fund attached a copy of the employer's medical report of the injury and the supervisor's accident report, both of which were dated the day of the injury and disability in May 1983. The workers' compensation judge held that employer knew or should have known that it had a colorable claim against the Fund when it began paying total disability benefits in August 1983. Employer appealed, arguing that it did not have sufficient knowledge concerning its potential claim against the Fund until 1987. In affirming the decision of the workers' compensation judge, this court relied on medical reports filed with employer in 1983, including one written in August 1983 that specifically indicated that claimant's disability was a result of the May 1983 accidental injury and the pre-existing permanent physical impairment.

Insofar as *Davis* and *Kennecott* suggest that the employer's knowledge that a compensable accident has befallen an employee with a pre-existing impairment is sufficient in all cases to alert the employer to the fact that it has a claim against the Fund, we decline to follow them today.

Finally, the Fund argues that under this rule an employer can, in effect, have an indefinite time to file simply by not seeking or receiving notice from a treating physician. We do not believe that this is the case. Implicit in the standard is the concept that employer is charged with knowledge that it would have obtained by the exercise of reasonable diligence. *See Martinez v. Darby Constr. Co.*, 109 N.M. 146, 782 P.2d 904 (1989).

■ In summary, we hold that for claims arising under the law as it existed prior to the 1988 amendments to the Subsequent Injury Act, the four-year statute of limitations begins to run when the employer knew or should have known that it had a claim against the Fund. An employer does not meet this standard until it knows or should know, in the exercise of due diligence, that the subsequent disability is materially and substantially greater than would have resulted from the subsequent injury alone.

■ We turn now to the facts of this case. The Fund's motion for summary judgment alleged that the statute of limitations began to run on May 22, 1985, by which time employer had knowledge and notice of both the accidental injury and the disability. We assume without deciding that this was a sufficient showing to establish a prima facie entitlement to summary judgment, and thereby to shift the burden to employer to show a genuine issue of material fact. *See Koenig v. Perez*, 104 N.M. 664, 726 P.2d 341 (1986). Employer filed in response the affidavit of Dr. Chesnut, which indicates that employer could not have known that the subsequent injury would result in a disability that was materially and substantially greater than would have resulted from the subsequent injury alone until July 1987, when it became clear

that the 1986 procedure was not successful. This is sufficient to establish a genuine issue of material fact concerning when employer's cause of action accrued and therefore when the statute of limitations began to run. Accordingly, the motion for summary judgment should have been denied. *See Gardner–Zemke Co. v. State*, 109 N.M. 729, 790 P.2d 1010 (1990) (summary judgment motion is to determine whether factual issue exists, not to resolve the factual issue).

For the reasons above given, the order of the workers' compensation judge granting the Fund summary judgment is reversed. This case is remanded to the workers' compensation administration for further proceedings not inconsistent with this opinion.

IT IS SO ORDERED.

DONNELLY and APODACA, JJ., concur.