890 P.2d 408

Samuel C. CARRASCO,
Worker/Claimant–
Appellee,

v.

PHELPS DODGE/CHINO MINES,
Employer/Insurer–Appellant.

No. 15546.

Court of Appeals of New Mexico.

Jan. 4, 1995.

S. Austin Johnson, Cuautitlan Izcalli, Edo. Mexico, for Worker/Claimant–Appellee.

Joseph William Reichert, Arlon L. Stoker, P.A., Albuquerque, for Employer/Insurer–Appellant.

*OPINION*

HARTZ, Judge.

Phelps Dodge/Chino Mines (Employer) appeals the award to Samuel Carrasco (Worker) of a lump-sum payment of disability benefits to replace periodic payments. Employer contends that a portion of the lump-sum payment was not permitted by the Workers'

Compensation Administration Act because it was to pay a debt that had not accumulated during Worker's disability. We agree and reverse.

The parties stipulated that Worker suffered a compensable injury on May 31, 1991 and that the controlling law is the 1990 enactment governing lump-sum payments. *See Jojola v. Aetna Life & Casualty,* 109 N.M. 142, 144, 782 P.2d 395, 397 (Ct.App.1989) (worker's claim for benefits is ordinarily governed by law in effect at time cause of action accrued). The pertinent provisions of NMSA 1978, Section 52–5–12 (Repl.Pamp.1991) (effective Jan. 1, 1991), state:

> A. It is stated policy for the administration of the Workers' Compensation Act ... that it is in the best interest of the injured worker or disabled employee that he receive benefit payments on a periodic basis. Except as provided in Subsections B, C and D of this section, lump-sum payments in exchange for the release of the employer from liability for future payments of compensation or medical benefits shall not be allowed.
>
> ....
>
> C. After maximum medical improvement and with the approval of the workers' compensation judge, a worker may elect to receive a partial lump-sum payment of workers' compensation benefits for the sole purpose of paying debts that may have accumulated during the course of the injured or disabled worker's disability.

Employer also relies on NMSA 1978, Section 52–5–1 (Repl.Pamp.1991) (effective Jan. 1, 1991), which expresses legislative intent that the courts interpret the workers' compensation laws evenhandedly, favoring neither workers nor employers.

According to the parties' stipulation, Worker became temporarily totally disabled on April 10, 1992 and remained temporarily totally disabled until he achieved maximum medical improvement on February 22, 1993. He was left with a thirty percent permanent impairment to his body as a whole. On June 30, 1993 the Workers' Compensation Judge (WCJ) entered a stipulated compensation order providing for periodic disability benefit payments.

In February 1994 Worker petitioned for a lump-sum payment of disability benefits to cover ten separate debts listed in the petition. The debts were $11,392.82 owed to the Chino Federal Credit Union (the credit union debt), an aggregate of $5,530.57 for five debts owed to individuals, $300 owed to two separate medical care providers, $109.82 owed to a medical information service, and $1,250 owed to his lawyer. After an evidentiary hearing on the petition, at which Worker testified concerning the amount of the debts and the manner in which they were incurred, the WCJ granted the petition.

At the hearing Employer argued that a lump-sum payment for the credit union debt was not authorized by Section 52–5–12(C) because the debt had not "accumulated during the course of the injured or disabled worker's disability." Employer pointed to Worker's testimony that (1) the debt, although represented by a note dated August 14, 1992, was a refinancing of a 1990 debt incurred to purchase a van and (2) Worker had not been behind in his payments on the vehicle. Employer does not challenge the portion of the lump-sum award based on the other nine debts listed in Worker's petition.

■ The first issue before us is whether the credit union debt "accumulated during the course of [Worker's] disability." We hold that it did not. The debt *continued* during Worker's disability; it did not grow. One whose wealth remains constant does not *accumulate* wealth. By the same token, a constant debt does not *accumulate* during the period that it continues. Although the renewal of a promissory note may for some purposes be considered a new debt, a renewal does not constitute an *accumulation* of debt within the scope of Section 52–5–12(C).

■ Worker, however, suggests a second ground for including the amount of the credit union debt in the lump-sum payment. He contends that Section 52–5–12(C) permits a lump-sum payment of *all* debts if *some* debts have accumulated. He argues as follows:

> The statute looks at what occurred with the entire debt package, what have all of the debts done together. If the debts,

used in the plural form, accumulated, then the judge can order that they be paid, and the worker may elect to have them paid. [Employer] admits that at least the nine debts they agreed to pay were new during the disability. These nine debts accumulated, piled up and amassed with the one owed Chino Federal Credit Union for a van.

This reading of the statute is too strained. The statute permits awarding a lump sum for the *sole* purpose of paying "debts that may have accumulated." Section 52–5–12(C). The natural reading of the statutory language is that only those debts that have been added during the worker's disability may be paid off with a lump sum; other debts are not eligible for lump-sum payment.

Section 52–5–12(A) confirms this interpretation. It reflects a legislative intent to avoid lump-sum payments except in exceptional circumstances because of the risk that shortsighted payment of a lump sum will ultimately lead to placement of the worker on the public dole. *See Cabazos v. Calloway Const.*, 118 N.M. 198, 200–01, 879 P.2d 1217, 1219–20 (Ct.App.) (stating purposes behind the provisions of Section 52–5–12), *cert. denied*, 118 N.M. 198, 889 P.2d 203 (1994); *Riesenecker v. Arkansas Best Freight Sys.*, 110 N.M. 654, 655–56, 798 P.2d 1040, 1041–42 (Ct.App.) (decided under prior law), *judgment vacated*, 110 N.M. 451, 796 P.2d 1147 (1990). In light of Section 52–5–12(A) one must conclude that Section 52–5–12(C) is not intended to permit lump-sum payments of those debts that the worker is able to keep current during disability with the help of *periodic* disability benefit payments. We need not rely on Section 52–5–1 to reach this conclusion.

Thus, because the credit union debt did not accumulate during Worker's disability, the WCJ erred in awarding a lump sum to pay that debt. We reverse the order approving the lump-sum payment and remand with directions to the WCJ to enter an amended order that provides for a lump-sum payment of $7,190.39, the sum of the nine debts accumulated during Worker's disability.

**IT IS SO ORDERED.**

PICKARD and FLORES, JJ., concur.