596 P.2d 253

**Cliff ANDERSON and Jill Anderson, d/b/a Nob Hill Restaurant and St. Paul Insurance Company, Petitioners,**

v.

**Connie MACKEY, Respondent.**

**No. 12370.**

Supreme Court of New Mexico.

May 16, 1979.

Rehearing Denied June 5, 1979.

Durrett, Conway, O'Reilly & Jordon, John E. Conway, Alamogordo, for petitioners.

Morris D. Stagner, Albuquerque, for respondent.

## OPINION

FEDERICI, Justice.

Connie Mackey, respondent (plaintiff) was employed as a waitress at petitioners' (defendants') restaurant. Plaintiff fell while at work and allegedly was injured. Plaintiff brought this action for benefits under the Workmen's Compensation Act. At the close of plaintiff's case the trial court granted defendants' motion to dismiss plaintiff's complaint for failure to show that as a medical probability there was a causal connection between plaintiff's injury and her disability. The Court of Appeals reversed, Judge Sutin dissenting, and remanded the case for a new trial. We granted certiorari.

The only question presented is whether there was direct testimony that, as a medical *probability*, plaintiff's psychological disability was a natural and direct result of the accident.

Section 52–1–28(B), N.M.S.A.1978 of the Workmen's Compensation Act relating to compensable claims requires that:

> In all cases where the defendants deny that an alleged disability is a natural and direct result of the accident, the workman must establish that causal connection as a medical probability by expert medical testimony. No award of compensation shall be based on speculation or on expert testimony that as a medical *possibility* the causal connection exists. (Emphasis added.)

The only evidence in the record relating to the causal connection which plaintiff was required to prove was the deposition of Dr. Frank Maldonado:

Q [By Mr. Conway] Doctor, do you have an opinion as to whether or not Mrs. Mackey has suffered any disability as a result of the alleged fall that took place on June 25, 1977 at the Nob Hill Restaurant?

A Yes, I think there is some disability, yes.

Q What would that disability be? Any physical disability is what I am talking about.

A I don't think there is any physical disability, no.

Q So she is in no way physically impaired from continuing her same duties that she was doing prior to the time of this fall?

A In regards to the low back and legs, and that is the only areas I checked, I could find no physical disabilities.

Q Did she complain to you of any other areas?

A No.

Q You then, Doctor, would give her no disability whatsoever as to a back injury?

A That's correct.

Q [By Mr. Stagner] And what is that disability, Doctor?

A I think she has a psychological disability.

Q And what is that psychological disability?

A Well, I am not properly—not properly trained—I am not trained in psychological diagnosis or psychology to put a name on it exactly, but it is some type of hysteria or conversion reaction.

In ruling on defendants' motion, the trial judge said:

> But I am unable to find anything there which even expresses an opinion as to any causal connection between the disability which he narrates, and the injury in the case. Of course, he finds there is no physical disabilities, so he doesn't even get into that aspect of the thing. He acknowledges that she does have pain and that she does have a psychological disability, and so far as I can find the record is totally silent as to even a fair inference from his testimony, that he's saying that there is a causal connection. In fact, I think he just expresses no opinion as to the cause of the psychological disability.

**42**

Further, the doctor stated that he was not trained in psychological diagnosis or psychology. Under those circumstances the doctor was not qualified to state an opinion based upon a medical probability.

This Court discussed the applicability of § 52–1–28(B) in *Yates v. Matthews*, 71 N.M. 451, 453, 379 P.2d 441, 442 (1963):

> The language of the statute is clear and unambiguous in its requirement that medical testimony be produced to establish causal connection between an accident and disability. The requirement is not that this be established by direct and uncontroverted evidence, but as a medical probability. This would seem to envisage opinion evidence of a medical expert. In other words, where causal connection is denied by an employer, in order to prevail, *it is now encumbent upon a claimant to present one or more qualified medical experts to testify that in his or their opinion there is a causal connection as a medical probability as opposed to possibility.* *Montano v. Saavedra*, 70 N.M. 332, 373 P.2d 824. (Emphasis added.)

In this case, viewing the evidence in the light most favorable to support the trial court's finding, *Corzine v. Sears, Roebuck and Company*, 80 N.M. 418, 456 P.2d 892 (Ct.App.1969), *cert. denied*, 80 N.M. 388, 456 P.2d 221 (1969), there is no showing that as a *medical probability* plaintiff's psychological disability was caused by the accident.

The decision of the Court of Appeals is reversed. The trial court's dismissal of plaintiff's complaint is affirmed.

IT IS SO ORDERED.

McMANUS, Senior Justice, and EASLEY, J., concur.

PAYNE, J., dissenting without opinion.

SOSA, Jr., Chief Justice, specially concurring.

I concur with the result reached by the Court in this case. It is my opinion that the district court reached the correct result, but for the wrong reason.