This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**AFSCME COUNCIL 18, on behalf of**
**CHRISTINE ESPARZA,**

Appellant-Respondent,

v.                                                                      **NO. 30,560**

**NEW MEXICO CORRECTIONS**
**DEPARTMENT,**

Appellee-Petitioner.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Barbara Vigil, District Judge**

Youtz & Valdez PC
Shane C. Youtz
Albuquerque, NM

for Appellant

Gary King, Attorney General
Andrea Buzzard, Assistant Attorney General
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Petitioner New Mexico Corrections Department seeks discretionary review of the district court's order reversing the decision of the Public Employees Labor Relations Board (PELRB) and resolving a retaliation claim in favor of Petitioner's employee. We granted Petitioner's petition for a writ of certiorari to determine whether the district court incorrectly applied the standard of review on appeal contrary to case law and statute, *see* Rule 12-505(D)(2)(d)(i) &(ii) NMRA, and issued a notice of proposed summary disposition proposing to reverse the district court. Respondent has filed a memorandum in opposition that we have duly considered. As Respondent's memorandum does not persuade us that our proposed disposition is incorrect, we now reverse.

**The Standard of Review on Appeal from a Decision of the PELRB**

NMSA 1978, Section 10-7E-23(B) (2003), provides that on appeal to the district court, "[a]ctions taken by the board . . . *shall be affirmed* unless the court concludes that the action is: (1) arbitrary, capricious or an abuse of discretion; (2) not supported by substantial evidence on the record considered as a whole; or (3) otherwise not in accordance with law." (Emphasis added.) In reviewing a decision of the PELRB, the district court must apply a whole record standard of review. *See*

*Regents of the Univ. of N.M. v. N.M. Fed'n of Teachers*, 1998-NMSC-020, ¶ 17, 125 N.M. 401, 962 P.2d 1236. This means that it looks "not only at the evidence that is favorable, but also evidence that [is] unfavorable to the agency's determination." *Id.* However, even when there is evidence unfavorable to the agency's determination, "[t]he decision of the agency will be affirmed if it is supported by the applicable law and by substantial evidence in the record as a whole." *Id.* Where there is evidence to support inconsistent findings, a reviewing court should not disturb the agency's findings if they are supported by substantial evidence in the record. *See Herman v. Miners' Hosp.*, 111 N.M. 550, 552, 807 P.2d 734, 736 (1991). Under such circumstances, "[t]he question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *Las Cruces Prof'l Fire Fighters Int'l Ass'n of Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177.

The district court's order stated that it was reversing the PELRB's decision that no retaliation occurred, not because this conclusion was not supported by substantial evidence in the record as a whole, but because the district court believed that the hearing officer's opposite conclusion was supported by substantial evidence. The district court's order states that "[t]he Hearing Officer weighed the evidence and he found the transfers were retaliatory," that "[t]he clear error between the two months

3

and the 13 months by the Hearing Officer should not cause his ultimate decision to be set aside by the board," and "Hearing Officer Montoya had sufficient basis and evidence presented to him to find that retaliation resulted against Ms. Esparza by the Department in making those transfers." [Pet., Ex. 1 at 1-2]  While it is true that there was evidence in the record to support a finding of retaliation as recommended by the hearing officer, there was also substantial evidence to support a finding of no retaliation as ultimately determined by the PELRB.  Under these circumstances, the district court was required to defer to the decision of the PELRB.  As the district court's order conflicted with Section 10-7E-23(B) and applicable case law by examining the hearing officer's recommendation for substantial evidence rather than the board's ultimate determination, we issued a notice of proposed summary disposition proposing to reverse.

In Respondent's memorandum in opposition, Respondent does not assert that there was not substantial evidence to support the PELRB's decision.  Instead, Respondent points to the evidence that supports the hearing officer's recommendation. [MIO 4-5]  As we have already explained, the fact that the hearing officer's recommendation was supported by substantial evidence is not the issue.  The question was whether the PELRB's decision was supported by substantial evidence.  *See Las Cruces Prof'l Fire Fighters*, 1997-NMCA-044, ¶ 12 ("The question is not whether

4

substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached.").

Respondent also argues that the district court's decision was correct because the PELRB did not review all of the relevant evidence. [MIO 4, 7] In the district court, Respondent asserted that "[Respondents] believe that the record proper as provided by the PELRB . . . may be incomplete and as such the full Board may not have had Ms. Esparza's Responses to Interrogatories before it in making its . . . decision. [Respondents] offer supplemental Exhibit 1 . . . as an attachment to this statement to fill in the gap in the record proper[.]" [RP 108] An appellate court does not rely on evidence that was not presented to the decisionmaker below. *See Durham v. Guest*, 2009-NMSC-007, ¶ 10, 145 N.M. 694, 204 P.3d 19 (stating that it is improper for a party on appeal to attempt to rely on facts that were not presented to the tribunal whose decision is being reviewed). If Respondent believed that, due to some error, the PELRB did not have all of the necessary information before it when it made its decision, Respondent was required to attempt to bring this information to the attention of the Board for its consideration—not to present it to the district court as a basis for reversing the PELRB's decision. To the degree that Respondent relies on the statement in the PELRB's order that it had "reviewed the pleadings, heard oral argument of the parties and being otherwise fully advised" [RP 3] as an indication that

the PELRB did not review the evidence because the order does not specifically mention the evidence [MIO 6], we are not persuaded that this stock language indicates that the Board did not properly consider the evidence that was actually before it.

Respondent's arguments on appeal rely on the general proposition that an appellate court should defer to the factfinder, and Respondent asserts that the factfinder in this case was the hearing officer. It is true that pursuant to the administrative code, it is the hearing officer who holds a hearing in the first instance, and it is therefore the hearing officer who takes evidence and, when there is live testimony, is in the best position to assess the credibility of witnesses. *See* 11.21.3.16 NMAC; 11.21.3.19 NMAC. But the hearing officer is not an independent finder of fact, since the hearing officer's recommendation has no effect unless adopted by the PELRB. *See* 11.21.3.19 (C) & (D) NMAC; *see also* NMSA 1978, § 10-7E-12(C) (2005) ("The board . . . may appoint a hearing examiner to conduct any adjudicatory hearing authorized by the board or local board. At the conclusion of the hearing, the examiner shall prepare a written report, including findings and recommendations, all of which shall be submitted to the board or local board for its decision."). Where, as here, a hearing officer takes evidence in order to inform an administrative agency decision, the hearing officer's report containing his or her recommendations is simply one part of the whole record to be reviewed on appeal. *See Atlixco Coal. v. Maggiore*,

1998-NMCA-134, ¶¶ 22-23, 125 N.M. 786, 965 P.2d 370.  It may not be ignored by a reviewing court, but it is not itself an independent decision to be reviewed; it is simply an aid to the agency decisionmaking process.  *See* § 10-7E-23(B) (requiring the district court to review the decision of the board, not that of the hearing officer).

Finally, Respondent argues that the district court's decision should be affirmed because the PELRB's decision was not in accordance with law.  [MIO 7-8] Respondent does not explain why the PELRB's decision was legally improper other than to argue that the PELRB substituted its judgment for that of the factfinder.  As we have explained, this is inaccurate.  It was the PELRB that was to find the facts in this case; it employed the aid of a hearing officer in doing so, but there is no requirement that it adopt the findings of the hearing officer, so long as its decision is supported by substantial evidence in the whole record.

Accordingly, for the reasons stated in this opinion and in our notice of proposed summary disposition, we reverse.

**IT IS SO ORDERED.**


_____
**CELIA FOY CASTILLO, Judge**

7

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**