This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SERGIO LAPARRA,**

Worker-Appellant,

**v.**                                                          **No. 32,304**

**BJ SERVICES COMPANY and**
**ACE AMERICAN INSURANCE,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, Workers' Compensation Judge**

Titus & Murphy
Victor A. Titus
Farmington, NM

for Appellant

Hale & Dixon PC
Timothy S. Hale
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Worker appeals from an order of the workers' compensation judge (WCJ) denying Worker's motion to reconsider the WCJ's earlier order denying him benefits. We proposed to affirm in a notice of proposed summary disposition, and Worker has filed a memorandum in opposition to our proposed disposition. After reviewing the arguments contained in Worker's memorandum in opposition, we remain unconvinced that our proposed disposition is in error. Therefore, we affirm the order of the WCJ.

In his docketing statement, Worker claimed that the WCJ erred in finding that Worker failed to provide adequate timely notice to BJ Services Co. (Employer) by failing to inform Employer of his work-related accidental injury until February 1, 2010, and erred in then denying any benefits to Worker because Employer did not receive legally sufficient and timely notice of the accident. [DS 2 (¶ G), 7 ( ¶ 14); RP 585 (¶¶ 4-5)] *See* NMSA 1978, § 52-1-29(A) (1990) (requiring a worker claiming entitlement to compensation to "give notice in writing to his employer of the accident within fifteen days after the worker knew, or should have known, of its occurrence, unless, . . . the employer or any superintendent or foreman or other agent in charge of the work in connection with which the accident occurred had actual knowledge of its occurrence"). As explained in our notice of proposed disposition, we reviewed the evidence and testimony introduced at the hearing, and in Worker's motion to reconsider. We proposed to hold that there was sufficient evidence to support the

2

WCJ's conclusion that Employer had neither actual nor written notice of the accident until February 1, 2010, even though Worker knew or should have known he had a compensable claim on or before October 14, 2009. [RP 583 (¶¶ 8-11)] *See Tallman v. ABF (Arkansas Best Freight)*, 108 N.M. 124, 127-130, 767 P.2d 363, 366-369 (Ct. App. 1988) (recognizing that we apply a whole record standard of review to the decision of the WCJ and thus, review all the evidence, favorable and unfavorable, to determine whether substantial evidence supports the result).

As discussed more fully in our notice of proposed summary disposition, Worker testified in his deposition that he reported the injury to Mark Baugh, Worker's supervisor, before he went on Family Medical Leave Act (FMLA) leave and that he gave Employer a note from Dr. Supit stating that Worker had been diagnosed with a back condition, he needed light duty, and he needed to avoid heavy lifting. [DS 3 (¶¶ D, F)] Worker also testified in his deposition that he spoke with Employer's district manager, Darren Posey, gave Mr. Posey the note from Dr. Supit and requested returning to work in October. [DS 3 (¶ G)] He testified in his deposition that Mr. Posey told him that "we don't need you until you are 100%[.]" [DS 4 (¶ H)] Finally, Worker testified in his deposition that he spoke with a human resources person, but he fails to indicate the content of that testimony. [Id.] Even though Worker told Mr. Baugh and Mr. Posey of his back condition when he returned from FMLA leave, the

WCJ found that he never informed them that his condition was related to his work for Employer. [RP 583 (¶¶ 8-11)]

In his memorandum in opposition, Worker disagrees with our proposed disposition. In his docketing statement, Worker noted that at trial he testified for the first time that he had spoken with Mr. Posey twice on the phone between October 26, 2009, and November 12, 2009. [DS 6 (¶ F); RP 548 (p. 26:1-8); see MIO 2] Worker characterizes his trial testimony as informing Mr. Posey that his restrictions were the result of heavy lifting on the job [DS 6 (¶ F)], although the record indicates that Worker actually testified that he told Mr. Posey that his doctor had informed him that his back injury was "possibly from . . . lift[ing] heavy things repeatedly." [RP 548 (p. 26:16-17); MIO 2] Worker claims that this statement put Employer on notice that the injury should be investigated as a possible workers' compensation claim. [MIO 2 (¶ 10)] *See* § 52-1-29(A).

Worker acknowledges that Employer's representatives Mr. Baugh and Fred Cossum testified that they were never notified that Worker's injury might be work-related and that they would have heard if Worker had told Mr. Posey that his injury was work-related. [MIO 2-3; RP 575 (¶¶ 23-25, 27-28)] However, he claims that neither Mr. Baugh nor Mr. Cossum having personal knowledge of the conversations between Mr. Posey and Worker and thus their lack of knowledge proves nothing.

4

[MIO 3 (¶ 15)] He specifically contends that the lack of knowledge of Mr. Baugh and Mr. Cossum does not prove that Worker was not credible in reporting his conversation with Mr. Posey. [MIO 4 (¶ 17)]

Worker also claims that his deposition testimony, in which he never states that he told Mr. Posey or any other representative of Employer that his back injury was work-related, is not at odds with his trial testimony because during his deposition, Worker was never specifically asked about any notice after October 14, 2009. [MIO 3 (¶ 12)] He then claims that, unless the WCJ found Worker not to be credible, the conversations with Mr. Posey gave actual notice in satisfaction of the statute. [MIO 3-4 (¶¶ 14-19)] *See* § 52-1-29(A).

Worker may be correct that the WCJ could have decided that any discrepancies between Worker's deposition testimony and his testimony at trial could be explained by the questions that were asked of him. [MIO 3-4] However, as the fact-finder, it was the WCJ's prerogative to consider the gaps in Worker's testimony and the testimony of Mr. Baugh and Mr. Cossum and to conclude that Worker's failure to state in his deposition that he had notified Mr. Posey or another representative of Employer that his injury was work-related was due to the fact that he indeed failed to provide notice to Employer in a timely fashion. *Cf. DeWitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 22, 146 N.M. 453, 212 P.3d 341 (recognizing that "weighing

evidence and making credibility determinations are uniquely within the province of the trier of fact, [and] we will not reweigh the evidence nor substitute our judgment for that of the WCJ, unless substantial evidence does not support the findings").

Thus the WCJ could conclude, and did conclude in his findings, that Worker was not credible based on the "multiple points of inconsistency in Worker's trial testimony and his deposition testimony." [RP 585 (¶ 29)] He could then decide, based on these inconsistencies, the testimony of Mr. Baugh and Mr. Cossum, and the fact that Worker first informed Employer of his back pain after being away from work for two months while on FMLA leave, that Worker was not credible when he claimed that he told Mr. Posey that his back condition arose out of his work for Employer. Finally, even though Worker did have a conversation with Mr. Posey about needing to be restricted to light duty work [MIO 4 (¶ 21)], this in no way proves Worker told Mr. Posey or anyone else that his back injury was work-related. *See Herman v. Miners' Hosp.*, 111 N.M. 550, 555, 807 P.2d 734, 739 (1991) (stating that "the employer must have knowledge of the accident, not merely the injury").

Based upon the foregoing, we disagree with Worker's contention that his testimony that he told Mr. Posey that his back injury was work-related was unrebutted and therefore had to be believed. We are also unpersuaded by Worker's contention that because Mr. Posey did not testify, Worker must be believed that he told Mr.

Posey in a timely fashion that the injury was work-related. In sum, Worker has the burden to prove that he provided notice in a timely fashion. *See Grine v. Peabody Natural Res.*, 2006-NMSC-031, ¶¶ 33-38, 140 N.M. 30, 139 P.3d 190. Based upon the evidence presented at the hearing, the WCJ could conclude that Worker failed to meet that burden.

**Conclusion**

For the reasons set forth in this Opinion and those discussed in our notice of proposed summary disposition, we affirm the order of the WCJ.

**IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Judge**


_____
**TIMOTHY L. GARCIA, Judge**