This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MARK W. ROZMAN,**

Worker-Appellant,

v.                                                                                      **NO. 34,233**

**CENTURY LINK and SEDGWICK,**

Employer/Insurer-Appellee.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Shanon S. Riley, Workers' Compensation Judge**

Mark W. Rozman
Colorado Springs, CO

Pro Se Appellant

Lawrence Hill
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Mark W. Rozman (Worker) appeals from the Workers' Compensation Judge's (WCJ) order denying him benefits. This Court's notice of proposed disposition proposed to affirm the WCJ's order. Worker filed an informal memorandum in opposition to the proposed disposition. We are not persuaded by Worker's arguments and affirm the WCJ's order.

{2}     This Court's calendar notice proposed to affirm on the basis that there was conflicting expert testimony on the question of causation and that this Court could not substitute its judgment for that of the WCJ regardless of whether the evidence supported inconsistent findings. *See Herman v. Miners' Hosp.*, 1991-NMSC-021, ¶ 6, 111 N.M. 550, 807 P.2d 734. Worker continues to argue that his skin cancer falls squarely under the Occupational Disease Law regarding radiation exposure and that the WCJ erred in: 1) not giving equal or greater weight to the  independent medical examination (IME) of the physician who later treated Worker; 2) selectively dismissing expert medical testimony; 3) not ordering another IME; 4) applying an erroneous legal standard to the expert testimony; and 5) denying compensation under the erroneous belief that Worker was required to show the work-related exposures were the predominant cause of the disease. [MIO 1-3] However, Worker cites no case law in support of his contentions, nor does he point to any error in fact or law with the proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754,

955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *see also Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

{3}     Moreover, the statutes relied upon by Worker do not stand for the propositions for which they are cited. [MIO 1] There is nothing in the Workers' Compensation Act (WCA) requiring the WCJ to order another IME where there is conflicting testimony; rather, it is discretionary and Worker has not demonstrated an abuse of discretion. *See* NMSA 1978, § 52-1-51(A) (2013) ("If a workers' compensation judge believes that an [IME] will assist the judge with the proper determination of any issue in the case, including the cause of the injury, the workers' compensation judge may order an [IME] upon the judge's own motion"). Nor is there anything in the WCA compelling the WCJ to provide equal or greater weight to the doctor performing the IME, as asserted by Worker. *See* NMSA 1978, § 52-3-32 (1989) (discussing the proximate causation standard for determining whether an occupational disease has been established). Although Worker contends that there is no statute permitting the WCJ to dismiss medical expert testimony and selectively choose which testimony is to the WCJ's liking, there is case law to support the proposition that this Court will not

disturb a WCJ's resolution of conflicting medical testimony regarding causation. *See Bufalino v. Safeway Stores, Inc.*, 1982-NMCA-127, ¶ 22, 98 N.M. 560, 650 P.2d 844 ("The rule is established that where conflicting medical testimony is presented as to whether a medical probability of causal connection existed between [the injury] and [the] work being performed, the trial court's determination will be affirmed.").

{4}     Therefore, insofar as Worker wants this Court to re-weigh the experts' medical testimony, it is not within our province to do so. *See Dewitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 22, 146 N.M. 453, 212 P.3d 341 ("[W]eighing evidence and making credibility determinations are uniquely within the province of the trier of fact[;] we will not reweigh the evidence nor substitute our judgment for that of the WCJ, unless substantial evidence does not support the findings."); *see also Levario v. Ysidro Villareal Labor Agency*, 1995-NMCA-133, ¶ 21, 120 N.M. 734, 906 P.2d 266 ("Generally, when there is conflicting medical testimony concerning causation, the reviewing court will defer to the finder of fact" because "it is the WCJ's prerogative to determine the weight to be given to the testimony." (alteration, internal quotation marks, and citation omitted)).

{5}     For all of the above reasons, and those stated in this Court's notice of proposed disposition, we affirm the WCJ's order.

{6}     **IT IS SO ORDERED.**

                                         _____
                                         **JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**


_____
**M. MONICA ZAMORA, Judge**