This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39903

**NATALIE ROY,**

Petitioner-Respondent,

v.

**NEW MEXICO DEPARTMENT OF WORKFORCE SOLUTIONS,**

Respondent-Petitioner.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nancy J. Franchini, District Court Judge**

Law Offices of Marshall J. Ray, LLC
Marshall J. Ray
Albuquerque, NM

for Petitioner-Respondent

Office of General Counsel
Andrea Christman
Rachael Rembold
Albuquerque, NM

for Respondent-Petitioner

### MEMORANDUM OPINION

**BUSTAMANTE, Judge, retired, sitting by designation.**

**{1}** The Department of Workforce Solutions (the Department) appeals the district court's reversal of the Department's fraud determination regarding Natalie Roy's unemployment compensation benefits. The Department argues substantial evidence supports its fraud determination. We affirm the district court.

**BACKGROUND**

**{2}** On March 11, 2020, Governor Michelle Lujan Grisham (the Governor) issued an executive order, stating a public health emergency existed in New Mexico due to the spread of COVID-19. State of N.M., Executive Order 2020-004 (N.M. Mar. 11, 2020).[1] In her executive order, the Governor invoked her powers under the All Hazard Emergency Management Act, NMSA 1978, §§ 12-10-1 to -10 (1959, as amended through 2007), and declared a public health emergency under the Public Health Emergency Response Act, NMSA 1978, §§ 12-10A-1 to -19 (2003, as amended through 2015). Executive Order 2020-004 at 2. As authorized by the Governor's executive order, the New Mexico Department of Health (DOH) issued a series of emergency public health orders. An order on March 23, 2020, required all nonessential businesses to reduce their "in-person workforce at each business or business location by 100 [percent]." DOH, Public Health Order at 4 (N.M. Mar. 23, 2020).[2] In response to the same pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), which provided for pandemic unemployment assistance to eligible individuals who were not eligible for regular compensation or extended benefits under state or federal laws. 15 U.S.C. § 9021.

**{3}** At the time, Roy was self-employed as the owner and operator of Muay Thai Santa Fe, a gym that offered martial arts classes and training. Roy also worked thirty-six hours a week at Pathway Vet Alliance LLC. The COVID-19 pandemic in April 2020, and the Governor's executive orders forced Roy to temporarily shut down Muay Thai Santa Fe. In response to the closure, Roy applied to the Department for pandemic unemployment assistance. In her application, Roy disclosed her continued employment at Pathway Vet Alliance. The Department quickly—and erroneously—granted her benefits. While Roy was receiving benefits, she continued to work at Pathway Vet Alliance. Despite being required to report all wages earned from work she performed while receiving benefits, Roy repeatedly certified that she had worked but reported $0.00 in gross wages.

**{4}** In October 2020, the Department conducted a random audit of Roy's benefits. Based on the audit, the Department determined Roy was ineligible for benefits and "established that [she] made a false statement or representation, in writing or otherwise, knowing it to be false or knowingly failed to disclose material facts in order to obtain or increase the amount of benefit payment." The Department found an overpayment of $19,950 and imposed a 25 percent civil penalty for fraud in the amount of $4,987.50. Roy appealed the Department's fraud determination to the Department's Appeal Tribunal.

**{5}** The Department's Appeal Tribunal held a telephonic hearing in December 2020 regarding Roy's appeal. The Department's sole witness was an auditor from the

---

1See https://cv.nmhealth.org/wp-content/uploads/2020/03/Executive-Order-2020-004.pdf.
2See https://cv.nmhealth.org/wp-content/uploads/2020/03/COVID-19-DOH-Order-fv.pdf.

Department's Benefit Payment Control Unit. Roy testified under oath at the hearing. No other witnesses were called.

**{6}** At the hearing, the auditor relied on Roy's numerous certifications to establish fraud. In response, Roy noted that she truthfully reported her ongoing employment with Pathway Vet Alliance in her application. Roy explained that she understood she was eligible for pandemic unemployment assistance based on her loss of business from her self-employment, and so she reported only her self-employment earnings when she certified her $0.00 wages. After the hearing, the Department's Appeal Tribunal affirmed the determination of fraud. Roy filed a timely appeal to the Department's Secretary. The Secretary affirmed the decision of the Appeals Tribunal.

**{7}** Roy then petitioned for a writ of certiorari to the district court. Without a hearing, the district court reversed the decision of the Department. The district court concluded that the Department's determination of fraud was not based on substantial evidence. The Department petitioned for a writ of certiorari to this Court, pursuant to Rule 12-505 NMRA, which this Court granted.

## DISCUSSION

### I. Standard of Review

**{8}** We review a district court's appellate decision as to an administrative order in the same manner "as the district court sitting in its appellate capacity, while at the same time determining whether the district court erred in the first appeal." *Rio Grande Chapter of Sierra Club v. N.M. Mining Comm'n.*, 2003-NMSC-005, ¶ 16, 133 N.M. 97, 61 P.3d 806. As it concerns an administrative decision from the Department, we examine whether "(1) the [Secretary] acted fraudulently, arbitrarily or capriciously; (2) based upon the whole record on appeal, the decision of the [Secretary] is not supported by substantial evidence; or (3) the action of the [Secretary] was outside the scope of authority of the agency." Rule 1-077(J) NMRA. Furthermore, under the whole record standard of review, our Supreme Court has instructed that "we look not only at the evidence that is favorable, but also evidence that is unfavorable to the agency's determination." *Fitzhugh v. N.M. Dep't of Labor*, 1996-NMSC-044, ¶ 23, 122 N.M. 173, 922 P.2d 555.

### II. The Department's Fraud Determination Is Not Supported by Substantial Evidence

**{9}** An individual granted unemployment compensation benefits shall receive a "weekly benefit amount" equal to 53.5 percent of their average weekly wages. NMSA 1978, § 51-1-4(B)(l) (2011). These weekly benefit amounts are reduced by any wages payable to the claimant that exceeds one-fifth of the claimant's weekly benefit amount. Section 51-1-4(B)(2). The statute imposes a penalty when an individual "makes a false statement or representation knowing it to be false or knowingly fails to disclose a material fact, to obtain or increase any benefit or other payment under the

Unemployment Compensation Law." NMSA 1978, § 51-1-38(A) (2013).[3] After a full review of the record, we conclude, contrary to the Department's argument, that a reasonable mind would not find the evidence presented sufficient to support a finding that Roy *knowingly* made a false statement or failed to disclose a material fact to obtain an increase in benefits. *See Ruiz v. Los Lunas Pub. Schs.*, 2013-NMCA-085, ¶ 5, 308 P.3d 983 ("In applying whole record review, this Court reviews both favorable and unfavorable evidence to determine whether there is evidence that a reasonable mind could accept as adequate to support the conclusions reached by the fact[-]finder." (internal quotation marks and citation omitted)).

**{10}** The Department provided Roy notice when she applied for benefits that stated she would have to report gross wages from any work performed while she received benefits. Roy was similarly provided three separate information sheets that explained she must report total gross earnings on her weekly certificate. She disclosed her employment with Pathway Vet Alliance in each certification; but reported $0.00 gross wages even though she was receiving income from Pathway Vet Alliance.

**{11}** Roy testified that she believed she was applying for pandemic unemployment assistance that was specifically related to her self-employment. Further, Roy disclosed her employment with Pathway Vet Alliance in her initial application for benefits and during the Department's audit. In the telephonic hearing, Roy testified that she understood the benefits were for her self-employment, so she reported and certified only her wages from her self-employment at Muay Thai Santa Fe.

**{12}** When looking at these facts together, it was unreasonable to rely on the information sheets and Roy's certifications alone to support a fraud determination. Context is important. We agree with the district court's conclusion that

> [t]he [c]ourt "may not exclusively rely upon a selected portion of the evidence, and disregard other convincing evidence, if it would be unreasonable to do so." [*Fitzhugh*, 1996-NMSC-044, ¶ 23]. It would be unreasonable for the [c]ourt to rely exclusively on the Department's forms and [Roy]'s failures to report her wages and to disregard [Roy]'s disclosures to the Department regarding her continuing Pathway [Vet Alliance] employment in the determination of whether she knowingly failed to disclose material facts to obtain any benefits.

*See Herman v. Miners' Hosp.*, 1991-NMSC-021, ¶ 6, 111 N.M. 550, 807 P.2d 734 ("To determine whether a finding of fact is amply supported by the whole record, we do not rely solely on one part of the evidence if to do so would be unreasonable. We must find evidence that is credible in light of the whole record and that is sufficient for a reasonable mind to accept as adequate to support the conclusion reached by the agency." (internal quotation marks and citation omitted)). We note that we are not

---

[3]Roy argues that Section 51-1-38 does not apply pandemic unemployment assistance benefits. Because it does not affect the disposition of this appeal, we decline to address this issue and simply assume, without deciding, that Section 51-1-38 applies to this case.

substituting our judgment for the fact-finder because "favorable evidence is not viewed in a vacuum that disregards contravening evidence." *See Bass Enters. Prod. Co. v. Mosaic Potash Carlsbad Inc.*, 2010-NMCA-065, ¶ 28, 148 N.M. 516, 238 P.3d 885. The Department's evidence presented in the context of Roy's regular disclosures about her employment with Pathway Vet Alliance was simply not enough to demonstrate the motivation required for fraud.

**CONCLUSION**

**{13}** We affirm the district court's decision and determine substantial evidence does not support the Department's fraud determination.

**{14}  IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge,**
**retired, Sitting by designation**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**MEGAN P. DUFFY, Judge**