This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40878

**SEAN GLACKMAN,**

Worker-Appellee,

v.

**NEW MEXICO DEPARTMENT OF TRANSPORTATION and STATE OF NEW MEXICO RISK MANAGEMENT,**

Employer/Insurer-Appellants.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Shannon S. Riley, Workers' Compensation Judge**

Jeffrey C. Brown
Derek M. Thompson
Albuquerque, NM

for Appellee

Garcia Law Group, LLC
Teague Williams
Albuquerque, NM

for Appellants

### MEMORANDUM OPINION

**BLACK, Pro Tem Judge.**

{1}	The New Mexico Department of Transportation (DOT or Employer) appeals the ruling of the Workers' Compensation Judge (the WCJ) determining that Sean Glackman (Worker) is entitled to statutory modifier-based benefits under the Workers' Compensation Act (the Act), NMSA 1978, §§ 52-1-1 to -70 (1929, as amended through 2017). After a formal hearing, the WCJ awarded Worker permanent partial disability

(PPD) modifiers, in addition to whole person impairment, on the basis that Worker's "retirement was reasonable under the facts of this case." Employer asserts that substantial evidence does not support the WCJ's findings and conclusions. We disagree and affirm.

## DISCUSSION

### I.    Standard of Review

{2}    "We review workers' compensation orders using the whole record standard of review." *Ruiz v. Los Lunas Pub. Schs.*, 2013-NMCA-085, ¶ 5, 308 P.3d 983 (internal quotation marks and citation omitted). "[W]e view the live witness testimony as the fact finder did and considering all other evidence, favorable and unfavorable, and disregarding that which is discredited, we then decide if there is substantial evidence in the whole record to support the agency's finding or decision." *Baca v. Bueno Foods*, 1988-NMCA-112, ¶ 4, 108 N.M. 98, 766 P.2d 1332 (internal quotation marks and citation omitted). "In applying whole record review, this Court reviews both favorable and unfavorable evidence to determine whether there is evidence that a reasonable mind could accept as adequate to support the conclusions reached by the fact finder." *Levario v. Ysidro Villareal Lab. Agency*, 1995-NMCA-133, ¶ 15, 120 N.M. 734, 906 P.2d 266. "We will not, however, substitute our judgment for that of the agency; although the evidence may support inconsistent findings, we will not disturb the agency's finding if supported by substantial evidence on the record as a whole." *Herman v. Miners' Hosp.*, 1991-NMSC-021, ¶ 6, 111 N.M. 550, 807 P.2d 734. We review the WCJ's application of the law to the facts de novo. *Tom Growney Equip. Co. v. Jouett*, 2005-NMSC-015, ¶ 13, 137 N.M. 497, 113 P.3d 320.

### II.    Applicable Law

{3}    PPD benefits are payable under the Act when a worker suffers a permanent impairment resulting from an injury "arising out of and in the course of employment." Section 52-1-26(B). Under Sections 52-1-26.1 through -26.4, such partial disability must be determined by calculating the worker's impairment as modified by the worker's age, education, and physical capacity. If, on or after the date of maximum medical improvement, an injured worker returns to work at a wage equal to or greater than their pre-injury wage, the worker's PPD rating shall be equal to his impairment and shall not be subject to the modification calculated pursuant to Section 52-1-26. "We have construed Section 52-1-26(D) as relieving the employer of the liability to pay modifier-based PPD benefits if the worker either (1) accepts employment with the pre-injury employer or a different employer at or above his pre-injury wage, or (2) unreasonably refuses offered employment at or above his pre-injury wage." *Cordova v. KSL-Union*, 2012-NMCA-083, ¶ 13, 285 P.3d 686. The Act therefore "encourages an employer to offer a job to the permanently injured worker within the worker's post-injury abilities and encourages the worker to return to work because modifier-based PPD benefits are not paid if the worker unreasonably refuses an offer to return to work at his pre-injury wage." *Id.* After hearing the evidence in *Cordova* the "WCJ concluded that because [the

e]mployer did not make [the w]orker an offer of a permanent return to work, [the w]orker [was] entitled to receive modifier-based PPD benefits, despite [the w]orker's decision to retire." *Id.* ¶ 17.

### III. The WCJ's Award of Modifier-Based PPD Benefits Is Supported by Substantial Evidence

**{4}** Worker suffered inhalation burns to his lungs following a 2019 incident at a DOT concrete lab. Worker testified that after his injury, Employer initially placed him in a light duty, temporary position in the Traffic Division for about a month to help with their filing backlog. Worker stated that even though he was able to perform the Traffic Division job within his restrictions, Employer moved him to another temporary position within the Fleet Management Division and offered a permanent, full-time position within the Traffic Division to another individual. Worker was never told the permanent job within the Traffic Division was available, and he was never offered a permanent, full-time position within the Fleet Management Division. Worker remained in his temporary position with the Fleet Management Division from January 2020 until he elected to retire in May 2021 to receive PERA disability benefits.

**{5}** Louise Newbill, an employee relations specialist with DOT, testified that, under DOT policy, an employee cannot remain in temporary, modified positions for more than twelve months. Therefore, as the employee reaches the end of that twelve-month time frame, Employer schedules monthly meetings with Risk Management and the Legal Department to determine Worker's future employment options. Worker testified he was told by Employer that if he could not return to full duty employment after twelve months, he could either apply for PERA disability or participate in an interactive process with Employer to find him a permanent position within his restrictions. Although Employer informed Worker that the interactive rehiring process was an option, Worker was not provided any substantive details regarding the process and was told that it would be discussed in the future. Although testimony was elicited regarding the attempts by Employer to inform Worker of the rehire process, the WCJ found Worker's characterization to be more persuasive. *See Dewitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 22, 146 N.M. 453, 212 P.3d 341 (providing that an appellate court shall adhere to the findings and conclusions of the WCJ when based on substantial evidence "[b]ecause weighing evidence and making credibility determinations are uniquely within the province of the trier of fact"); *Garcia v. Borden, Inc.*, 1993-NMCA-047, ¶ 15, 115 N.M. 486, 853 P.2d 737 (explaining that, when conducting a whole record review, a reviewing court shall not reweigh the credibility of witness testimony).

**{6}** Worker further testified that he conducted an independent job search both for positions offered by Employer as well as external positions throughout New Mexico, but did not apply for or pursue those jobs because they either paid less than his pre-injury job, such jobs did not meet his lifting restrictions, or he could not meet the job qualifications. Worker was never offered qualifying employment by Employer. Rather, Worker testified that he felt he was pushed to apply for PERA disability benefits so Employer would not have to continue dealing with him based on past incidents and his

active involvement in the union. Finally, Worker testified that he chose to retire and move to Texas because he was advised by his authorized healthcare provider that the lower elevation would improve his health and quality of life.

**{7}** Based on the above facts and under our applicable standard of review, we conclude that substantial evidence supports the WCJ's determination that Worker's decision to accept PERA disability benefits and retire, rather than pursue future employment, was reasonable. *See Cordova*, 2012-NMCA-083, ¶¶ 20-22 (providing that where the WCJ's findings of fact establish that a worker's decision to retire was sound and reasonable, the worker remains entitled to modifier-based PPD benefits). In short, we find this case to be virtually indistinguishable from *Cordova* and, accordingly, Worker is entitled to modifier-based PPD benefits.

## CONCLUSION

**{8}** For the foregoing reasons, we affirm.

**{9}** **IT IS SO ORDERED.**

**BRUCE D. BLACK, Pro Tem Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**MICHAEL D. BUSTAMANTE, Judge,**
**retired, Sitting by Designation**